[Crim. No. 1116.   Department One.—July 7, 1904.]

## THE PEOPLE, Respondent, v. DOSHIA NOLAN, Appellant.

CRIMINAL LAW—ROBBERY—ACCESSORY TO CRIME—SUFFICIENCY OF EVIDENCE.—Where the defendant was informed against jointly with others for the crime of robbery the evidence is sufficient to support a verdict against him, where it shows clearly that the other defend-

ants actually committed the crime charged, and is sufficient to warrant the jury in concluding that the defendant incited the others to its commission, and, not being present, advised and encouraged its commission, and was thus an accessory to the crime before the fact.

ID.—SUFFICIENCY OF INFORMATION—CHARGE OF ACCESSORY AS PRINCIPAL—EVIDENCE.—The crime of robbery being a felony, the information properly charged the defendant as a principal under section 971 of the Penal Code, and such information was sustained by evidence that the defendant was an accessory before the fact.

ID.—CONSTITUTIONAL LAW—FEDERAL CONSTITUTION.—Section 971 of the Penal Code is not violative of the sixth amendment nor of the fourteenth amendment to the constitution of the United States. The sixth amendment has no application to state courts; and the provisions of section 971 of the Penal Code, as to charging an accessory before the fact as principal, in a criminal pleading, gives to the defendant sufficient notice of the accusation against him to satisfy every requirement of the fourteenth amendment.

ID.—REFERENCE OF STATE TO FEDERAL CONSTITUTION.—Section 3 of article I of the state constitution, providing that the constitution of the United States is the "supreme law of the land," does not have the effect to make the various provisions of the constitution of the United States a part of our state constitution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Albert G. Burnett, Judge presiding.

The facts are stated in the opinion of the court.

William H. Schooler, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was informed against jointly with Michael Nolan, John Davis, and Bernard Whitelaw for the crime of robbery, and, on a separate trial, was convicted and adjudged to suffer imprisonment in the state prison for the term of eight years. She appeals from the judgment and from an order denying her motion for a new trial.

It is urged on this appeal that the evidence was insufficient to support the verdict. There was no claim that the appellant was present at the commission of the crime, the theory

of the prosecution being simply that, not being present, she advised and encouraged its commission, and was therefore, under the provisions of sections 30 and 31 of our Penal Code, a principal in such crime.

The contention of appellant as to the insufficiency of the evidence is directed, as we understand it, to the proposition that the evidence is insufficient to sustain a finding that she advised and encouraged the commission of the crime.

The evidence very clearly showed that the other defendants actually committed the crime charged, and the evidence of the witness Ruby Grills, taken in connection with the other circumstances of the case, was sufficient to warrant the jury in concluding that the appellant had incited the others to the commission of such crime, or, in the language of our statute, "advised and encouraged its commission."

It was apparent that the appellant had received information as to the presence of money and diamonds at the house of Mrs. Mathews and Mrs. Tuttle at No. 543 Haight Street, and that she was the only one of the defendants who had such information, or the means of obtaining the same. It appears that on the next day, after she, Nolan (with whom she was then living and had been so living for four years), Davis, Whitelaw, and Ruby Grills dined together at a restaurant, the three men were in consultation, and Whitelaw went out to the house at 543 Haight Street, and, by a ruse, obtained admission to the house and a talk with the inmates, and that on the next day but one the three men committed the crime. Under these circumstances, the jury were not likely to believe the testimony of appellant and that of her co-defendants to the effect that she never gave any of them any information as to the Mathews-Tuttle house. It was clear that the information of the men came through appellant, and that the testimony of appellant to the contrary was false. The innocent imparting of such information, without improper motive or intent that the same should be used by her companions in the commission of a crime, could not, of course, make appellant a party to the crime afterwards committed, but there was no claim that the information was innocently given by appellant, the sole claim being that it was not given at all by her. Under the circumstances, there is nothing unreasonable in the testimony of Ruby Grills to the effect that while

all the defendants and she were together, just after coming out of the restaurant, the appellant said: "I know an old woman that has two or three thousand dollars and some diamonds. It would be very easy to get, and the best time to get it is when the children are at school; the woman's husband died a short time ago," and that she at the same time said to Ruby Grills that she found out about the money and jewelry by reason of Mrs. Tuttle's little girl talking to her sister's little girl, and that she had wanted "Mike" (Nolan) to go out there, but he was too well known. If the jury believed this testimony, they were warranted in finding that the appellant was using the information she had obtained for the purpose of procuring the commission of the crime of robbery for the profit of herself and her companions, and that she was actively engaged in advising and encouraging the commission of such crime by Nolan, Davis, and Whitelaw.

The particular place referred to by the words of appellant was sufficiently identified by the testimony as the Mathews-Tuttle house, and that "robbery" was the crime contemplated is apparent from the statement that the best time to get the property would be "when the children are at school," and the "old woman" consequently more likely to be alone. There are other circumstances supporting the conclusion of the jury that appellant shared the criminal design of those directly committing the crime and advised and encouraged the commission thereof, and we can find no warrant for holding that such conclusion is not sufficiently supported by the evidence.

Although the appellant did not directly commit the robbery, and was simply what was formerly called an accessory before the fact, she was informed against as a principal, the information charging that "the said Michael Nolan, John Davis, Bernard Whitelaw and Doshia Nolan . . . in and upon one Emma Mathews . . . did willfully . . . make an assault," and then and there commit the robbery. It is not claimed that the information was in any way indefinite or uncertain as a charge of robbery against one directly committing the acts constituting the offense, but it is urged that it was not sufficient as against appellant, in that it did not inform her that she was charged solely as an accessory before the fact. Under the provisions of our statutes, the information against appellant was sufficient in form and substance.

It is declared by the Penal Code that the distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, are principals in any crime so committed. (Secs. 31 and 971.) It is further provided by section 971 of the Penal Code, as amended in 1880, that "no other facts need be alleged in any indictment or information against such an accessory" (an accessory before the fact) "than are required in an indictment or information against his principal."

The intention of the legislature that the person who is a principal in a crime, simply because he has advised and encouraged its commission, may properly be charged with having himself directly committed the act, is thus made manifest (see *People* v. *Rozelle*, 78 Cal. 84, 89), and this is not disputed by counsel for appellant. It is, however, contended that the provision quoted above from section 971 of the Penal Code is in violation of the provisions of the sixth amendment to the constitution of the United States, which provides, among other things, that in all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him. If it be conceded that an accessory before the fact charged as principal in the manner prescribed by our statute is not informed of the nature and cause of the accusation to the extent required by this provision of the constitution, it remains that the sixth amendment to the constitution of the United States has no application to proceedings in the state courts of the several states, and was never intended to have any such application. This also, we understand, would be conceded by appellant, were it not for the fact that section 3 of article I of our state constitution provides that, "The state of California is an inseparable part of the American Union, and the constitution of the United States is the supreme law of the land," and it is claimed that by reason of this provision the various provisions of the constitution of the United States are made parts of our own constitution. We are satisfied that no such effect can be given to this section of our constitution. By the part thereof relied on, no more was

intended or accomplished than the recognition in terms of the constitution of the United States as the supreme law of the land as to all matters provided for therein, which was necessarily the fact whether so recognized or not, but the provisions of article VI of the amendments not being applicable to state courts, the recognition of them as the supreme law of the land could not affect proceedings in state courts.

We are unable to see how it can be held that section 971 of the Penal Code is in any way violative of any provision of the fourteenth amendment to the constitution of the United States. Whatever may be said as to the policy of legislation which abolishes all distinction between a principal and an accessory before the fact, and permits such an accessory to be charged as a principal, it cannot be said that such legislation has the effect of depriving any person of life, liberty, or property without due process of law. The state has the right to establish the forms of pleadings to be observed in her own courts, subject only to the provisions of the constitution of the United States involving the protection of life, liberty, and property in all the states of the union. (*Ex parte Reggel,* 114 U. S. 642, 651.) Where the statute makes an accessory before the fact a principal, and expressly provides that he may be charged as such, one charged as a principal with the commission of an offense has sufficient notice of the accusation against him to satisfy every requirement of the much invoked fourteenth amendment.

The Washington cases relied on by appellant were decided upon a provision of the constitution of the state of Washington similar to the sixth amendment of the United States constitution, taken in connection with a statute which did not contain the provision to be found in section 971 of our Penal Code to the effect that no other facts need be alleged against an accessory than are required in an indictment against his principal.

No other point is made for reversal.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.

Hearing in Bank denied.