[Crim. No. 80. Third Appellate District.—November 6, 1908.]

THE PEOPLE, Respondent, v. FRANK LEWIS, Appellant.

RAPE—SEXUAL INTERCOURSE WITH YOUNG GIRL—ACCESSORY BEFORE THE FACT CHARGED AND CONVICTED AS PRINCIPAL.—A defendant who was accessory before the fact, and aided and abetted the act of sexual intercourse between a young man and his stepdaughter under the age of sixteen years, was properly charged and convicted as a principal of the crime of rape upon the young girl, under section 971 of the Penal Code, though he was not present at the commission of the crime.

ID.—EVIDENCE—AIDING AND ABETTING PRIOR OFFENSE.—The commission of a like prior offense by aiding and abetting the same crime be-

tween the same parties in furtherance of the same design to promote such sexual intercourse was admissible against the defendant.

Id.—Information During Session of Grand Jury.—An information based upon a preliminary examination and commitment by a magistrate may be filed during the session of the grand jury, without any duty on the part of the district attorney to lay the matter before the grand jury for the purpose of securing an indictment for the offense charged.

APPEAL from a judgment of the Superior Court of Sonoma County, and from orders denying a new trial and denying a motion in arrest of judgment. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

Ross Campbell, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

CHIPMAN, P. J.—Defendant was charged in the information with the crime of rape upon a small child under the age of sixteen years. The jury returned a verdict of guilty as charged. Defendant appeals from the order denying his motion in arrest of judgment, from the order denying his motion for a new trial and from the final judgment of conviction.

1. Defendant was convicted as an accessory before the fact. The prosecutrix was the stepdaughter of defendant. There is no evidence that defendant had sexual intercourse with her or that he was present at the commission of the crime, but there was abundant evidence that he aided and abetted its commission by one Alon Wheeler, a youth of about seventeen years of age. Defendant's contention is that because he was not personally present when the crime was committed the evidence must be held to be insufficient to justify the verdict (citing *People* v. *Schoedde,* 126 Cal. 373, [58 Pac. 859]). That was the case of prosecution for the crime of mayhem. The court held that if the defendant was not present when the crime was committed the verdict had not sufficient support, and under the evidence there was not "disclosed that aiding and abetting by defendant which would make him a principal in the crime." It was claimed by the people that, conceding that defendant did not actually participate in the com-

mission of the crime, still he was an aider and abettor. The court said: "The general principle here contended for is sound, but its application to the facts of this case is wanting." It would seem, therefore, that the peculiar circumstances of the case took it out of the rule. The statute is plain and clear. It abrogates the distinction between an accessory before the fact and a principal, and it provides that "all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal." (Pen. Code, secs. 30, 31, 971; *People v. Rozelle*, 78 Cal. 84, [20 Pac. 36]; *People v. Nolan*, 144 Cal. 79, [77 Pac. 774].)

The evidence was that defendant on several occasions solicited Wheeler to have sexual intercourse with the defendant's stepdaughter; he brought them together under circumstances calculated to arouse their animal passions and to bring about his wicked design; he advised Wheeler to procure vaseline to be used in the act of coition, if found necessary, and he also procured medicated capsules or suppositories and gave them to the girl, and instructed her in Wheeler's presence how to use them to prevent conception. The evidence is altogether too indecent and revolting to be here recorded. It was said in *People v. Dole*, 122 Cal. 486, [68 Am. St. Rep. 50, 55 Pac. 581]: "The word 'aid' does not imply guilty knowledge or felonious intent, whereas the definition of the word 'abet' includes knowledge of the wrongful purpose of the perpetrator and counsel and encouragement in the crime." The evidence here clearly shows that defendant both aided and abetted the perpetration of the crime as effectually as if he had witnessed it. To have been personally present as a witness of the act which he brought about would have but added one more to the many other disgusting features of the performance. *People v. Nolan*, 144 Cal. 79, [77 Pac. 774], was a case where the precise point here contended for was raised. There the defendant was informed against as a principal jointly with others who were charged with robbery. The part played in the crime by defendant Nolan was in knowingly having given

information as to where certain diamonds were to be found and how they might be successfully stolen. The judgment of conviction was sustained, although the defendant did not participate in the robbery.

2. The act charged in the information was alleged to have been committed in Sonoma county, of which the proof was sufficient. It is urged as error that the commission of a like prior offense between the prosecutrix and Wheeler was allowed to be proven over defendant's objection. There was evidence that about Christmas, 1907, defendant took his stepdaughter and Wheeler to San Francisco, as the evidence showed, in furtherance of his said design previously urged upon Wheeler. They occupied a small room in which was one bed, and all three slept in it. The second night they occupied a different room in which were two beds; defendant slept in one and Wheeler and the girl the other. The conduct of the defendant there showed conclusively that it was in furtherance of his design that these two young people were taken to San Francisco by him, and the evidence as to what took place was limited by the court "for the purpose of showing plans and designs." The evidence was admissible as acts of lascivious conduct and sexual intercourse with defendant's knowledge, and were admissible whether committed before or after the particular act charged. (*People* v. *Morris,* 3 Cal. App. 1, [84 Pac. 463].) It was shortly after their return from San Francisco that, under the direction and with the connivance of defendant, Wheeler and the prosecutrix renewed their sexual relations at defendant's home, on which the information is based.

3. An instruction was asked by defendant and refused by the court to the effect that he could not be found guilty unless present at the time of the sexual intercourse charged. For the reasons already stated, the instruction was properly refused.

4. It is also contended that the information was filed while the grand jury was in session, and that under section 915 of the Penal Code it was the duty of the district attorney to lay the matter before that body, and he could not legally present an information at that time. It is within the power of the state to abolish the grand jury and authorize the procedure to punish crimes by information. (*Hurtado* v. *California,*

110 U. S. 516, [4 Sup. Ct. Rep. 292].)   The state may authorize the procedure to be by both indictment and information, and it is competent to adopt the latter while the grand jury is in session.   Article I, section 8, of the constitution provides as follows: "Offenses heretofore required to be presented by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law.   A grand jury shall be drawn and summoned at least once a year in each county."   Section 915 of the Penal Code makes it the duty of the grand jury to "inquire into all public offenses committed or triable within the county, and present them to the court by indictment."   There is nothing in the constitution or statute making it illegal to proceed by information when the grand jury is in session.

The judgment and order are affirmed.

Burnett, J., and Hart, J., concurred.