[Crim. No. 260.   Third Appellate District.—May 7, 1914.]

## THE PEOPLE, Respondent, v. WILLIAM DESMOND, Appellant.

CRIMINAL LAW—BRINGING REVOLVER INTO JAIL—SUFFICIENCY OF INFORMATION—REDUNDANCY.—An information which charges that the accused "did willfully and unlawfully and feloniously bring, and aid and abet in bringing into the county jail of the county of Santa Clara, a certain firearm, to wit, a loaded revolver, and that the said defendant was not then or there or at all authorized by law so to do," sets forth an offense under section 171a of the Penal Code. The expression "and aid and abet in bringing," and the term "loaded," are unnecessary and may be disregarded as superfluous features of the information.

ID.—CHARGING ACCUSED AS PRINCIPAL—PROOF OF ABETTING CRIME.—Having charged the defendant as principal, it is open to the people to prove that he actually committed the offense, or that he aided and abetted in its commission or advised and encouraged its commission.

ID.—ELEMENTS OF CRIME—NECESSITY OF WEAPON BEING LOADED.—The statute does not require the weapon to be loaded in order that the offense may be committed.

---

ID.—SUFFICIENCY OF EVIDENCE—CORROBORATION OF ACCOMPLICE.—In this prosecution for bringing a revolver into a county jail the testimony of an accomplice is sufficiently corroborated; the statements of defendant tending to connect him with the commission of the offense, and being sufficient to meet the requirement of section 1111 of the Penal Code.

ID.—EVIDENCE OF ABETTING CRIME—VARIANCE.—Evidence showing that the defendant simply "advised and encouraged" the commission of the crime, did not create a variance; the information charging, bringing and abetting in bringing the weapon into the jail.

ID.—CROSS-EXAMINATION OF WITNESS—IMPROPER QUESTION.—In such prosecution it is proper to sustain an objection to a question to a witness for the people on cross-examination "And Mr. Desmond (the accused) did not assist you in any way in getting the gun into the jail did he?" such a question being for the jury to answer and not for the witness.

ID.—HARMLESS ERROR IN EXAMINATION OF WITNESS.—If such witness already has testified of an agreement between himself and the accused to get a revolver and deliver it to the accused in jail, error, if any, in allowing him to state why he brought the weapon into the jail is harmless.

ID.—DELIVERY OF REVOLVER WITH LOADED SHELLS TO PERSON IN JAIL—INSTRUCTION AS TO COMMISSION OF CRIME.—An instruction: "If you believe from the evidence beyond a reasonable doubt that the defendant procured the witness Savage to bring a revolver into the county jail, as charged in the information, and that this revolver was not loaded but that the revolver was delivered to the defendant in the county jail by Savage accompanied by loaded shells that might be used to load the weapon, and that these shells were delivered to the defendant by Savage, along with the revolver, then I charge you that it is not necessary for you to find that the revolver when so delivered to the defendant was actually loaded at the time in order to find him guilty under the information," while not happily phrased, could not prejudice the defendant.

ID.—PARTICIPATION IN CRIME—INACCURATE INSTRUCTION.—An instruction to the jury: "If you believe from the evidence beyond a reasonable doubt, that the defendant did not himself commit the offense charged in the information, but that such offense was committed and that the said defendant knowing that such crime was to be committed, and being present aided and abetted in its commission, or, not being present, advised and encouraged its commission, it is your duty to find him guilty of the crime charged," while inaccurate in view of the accused being charged as a principal, and also as an aider and abettor, does not warrant a reversal.

ID.—INSTRUCTION—WHEN DOES NOT INVADE PROVINCE OF JURY.—An
instruction: "It is not necessary that the defendant should have been
present with the witness Savage on the outside of the county jail
of Santa Clara County at the time the revolver is alleged to have
been brought into said jail by said Savage, but if you believe from the
evidence beyond a reasonable doubt that said revolver was brought
into said jail as charged in the information, and that the defendant
knowingly aided and abetted in the bringing in of said revolver and
was present when the same was so brought in, and received said
revolver from said Savage and concealed the same, you are justified
in finding the defendant guilty," does not invade the province of
the jury and is not otherwise erroneous.

APPEAL from a judgment of the Superior Court of Santa
Clara County and from an order refusing a new trial.   W. A.
Beasley, Judge.

The facts are stated in the opinion of the court.

B. S. Crittenden, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Dep-
uty Attorney-General, for Respondent.

BURNETT, J.—The information under which defendant
was convicted charged that "on or about the 11th day of
February, A. D. 1913, he did willfully and unlawfully and
feloniously bring, and aid and abet in bringing into the county
jail of the county of Santa Clara, a certain firearm, to wit,
a loaded revolver, and that the said defendant was not then
or there or at all authorized by law so to do."   The accusa-
tion was brought under section 171a of the Penal Code which
makes it a felony for "any person, not authorized by law"
to bring "into any state prison, jail, or reformatory in this
state . . . any firearms, weapons or explosives of any kind."
It is apparent, therefore, that the information sets forth an
offense condemned by the statute.   It is true that some re-
dundancy is manifest but this does not invalidate the
information nor affect its sufficiency.   For instance, the ex-
pression "and aid and abet in bringing" and the following
term, "loaded," were unnecessary.   "All persons concerned
in the commission of a crime . . . and whether they directly
commit the act constituting the offense or aid and abet in its

commission, or, not being present have advised and encouraged its commission . . . are principals in any crime so committed" (Pen. Code, sec. 31), and the distinction between an accessory before the fact and a principal in cases of felony has been abrogated and both may be charged as principals. (Pen. Code, sec. 971; *People* v. *Nolan,* 144 Cal. 75, [77 Pac. 774].) In other words, having charged the defendant as principal, it was open to the district attorney to prove that the former actually committed the offense or that he aided and abetted in its commission, or advised and encouraged its commission. It is also apparent that the statute does not require the weapon to be "loaded." In considering this case we may therefore disregard these superfluous features of the information.

The claim is made seriously that the evidence is insufficient to support the verdict. More specifically, it resolves itself into the contention that there is not sufficient corroboration of the testimony of witness J. J. Savage, who was admittedly an accomplice. In this we think appellant is in error. Savage and one Frank Cody had been arrested and committed to the county jail for an offense at Gilroy and they were taken back to that place and sentenced to the county jail for petit larceny and again returned to the custody of the sheriff on February 11, 1913. They were not searched at the time they were so returned. Subsequently, Deputy Sheriff Buffington discovered in the sewer in the jail a pistol loaded with five shells. Savage testified that prior to said February 11 he had a conversation with defendant and that "Desmond asked me about a gun; said that if he had a gun he could smoke his way out of the jail; he expected to get the cookhouse job when the cook went out. . . . Why he told me that he would like to have the gun. I told him the gun would be worth some money. He said, 'how much?' I said, 'three or four dollars.' He said, 'bring it up, that is priceless.' So I went back to Gilroy, brought the gun up. . . . Q. And to whom did you deliver it? A. I delivered it to Desmond." The record contains two statements made voluntarily by the defendant, one to Buffington and the other to the sheriff and the district attorney. In the former he admitted that he had the weapon in his possession for some days and, in reply to the statement of Buffington: "Bill, what in the world was

you doing with that gun for ten days; they say you were going to smoke up the joint and shoot your way out; Bill, would you have done that?'' He answered: ''Well, I don't know whether I would or not or I might have done it or I talked of doing it.'' In the other statement which was taken down and transcribed by the official reporter, these questions and answers appear: ''Q. Well now, did you have any understanding with him that he would give it to you when he came in, or how did he happen to come up and give it to you? A. He spoke to me two or three times about the gun before he brought it in at all. Q. And was it understood that you would take care of it for him? A. Well, the chances are if he got it in that he would give me the gun, and he did, the day after he got in, he came and gave it to me. Q. Why wouldn't he keep it himself? A. I don't understand why. He asked me if I would use it, and I told him I didn't know, that possibly I may. . . . Q. When he brought it he brought it right to you? A. He did sir. Q. That had already been agreed that before he went down if he brought it in he would give it to you? A. Yes.'' We think the foregoing statements of defendant tend to connect him with the commission of the offense and are sufficient to meet the requirement of section 1111 of the Penal Code. It is true that, when asked categorically, defendant denied that he encouraged, advised, or requested Savage to obtain the pistol but the jury had the right to act upon the portion of his testimony that was more unfavorable to his cause.

We can see nothing of merit in the contention that by reason of the evidence showing that defendant simply ''advised and encouraged'' the commission of the crime a variance was thereby created, the information containing the allegation that he ''aided and abetted'' in the offense. As we have already seen, he was also charged as a principal and we can see no good reason why by virtue of said unnecessary allegation as to aiding and abetting the people should have been precluded from showing any facts that would place the defendant in the category of principal as defined by the code. If it had been charged simply that he committed the offense there would be no doubt that the people would be permitted to prove that he actually brought the weapon into the jail or ''aided and abetted in'' or ''advised and encouraged'' the

commission of the act and, under the information here, we think the scope of inquiry was equally as broad. If the information had charged that the defendant had committed the offense *by* aiding and abetting in its commission there would be some force in appellant's contention, but no such situation is presented. We have not overlooked the claim of the attorney-general that there was evidence that the defendant "aided and abetted" in the commission of the offense, but we are satisfied the other feature is covered by the information.

The alleged errors in the rulings upon the admissibility of evidence are so inconsequential as hardly to merit attention.

The objection was properly sustained to the following question asked of Savage on cross-examination: "And Mr. Desmond did not assist you in any way in getting the gun into the jail, did he?" That was for the jury to answer and not for the witness. He was interrogated fully as to the facts and if his opinion as to whether the defendant's acts amounted to assistance would be admissible it is clear that it would have been of no aid to the jury.

The district attorney asked Savage this question: "Did you see Desmond load the gun?" But even if the court erred in overruling the objection the error was without prejudice, for the answer was: "I did not."

It was clearly proper for the witness to testify that he delivered the pistol to Desmond. The conduct of defendant in receiving it would, of course, be a circumstance tending to connect him with the crime. It is obvious that no harm was done by the answer to the question: "Why did you bring that pistol into the jail, Mr. Savage?" The answer which he gave would necessarily be inferred from the facts to which he testified. Since he declared that he had an agreement with the defendant to get it and deliver it to defendant, it would quite naturally follow that his purpose in bringing the pistol into the jail was to deliver it to Desmond, and whether the question was technically objectionable or not the answer could not possibly add anything to the criminating effect of his other testimony.

Complaint is made of this instruction: "If you believe from the evidence beyond a reasonable doubt that the defendant procured the witness Savage to bring a revolver into the county jail, as charged in the information, and that this re-

volver was not loaded but that the revolver was delivered to the defendant in the ·county jail by Savage accompanied by loaded shells that might be used to load the weapon, and that these shells were delivered to the defendant by Savage, along with the revolver, then I charge you that it is not necessary for you to find that the revolver when so delivered to the defendant was actually loaded at the time in order to find him guilty under the information.''

The instruction, while not happily phrased, could not have prejudiced defendant. The word ''procured'' implied a greater burden for the prosecution than the statute demands. To be guilty of the offense charged it was not necessary for the defendant to have ''procured'' or induced Savage to perpetrate the act charged. To ''aid and abet'' or to ''advise and encourage'' falls short of ''procure.'' But the substantive part of the instruction is the direction in reference to the cartridges and the unloaded pistol. What precedes is mere matter of inducement, as the manifest purpose of the instruction was to inform the jury that the circumstance of the pistol being unloaded was not sufficient to prevent a verdict of guilty if cartridges accompanied the delivery of the pistol. Of this appellant cannot justly ·complain, since the statute makes no distinction between a ''loaded'' and an ''unloaded'' weapon. The instruction is hypothetical ·in form and does not assume any fact in dispute.·

Instruction 12 is subject to criticism for inaccuracy. Therein the jurors were directed that ''if you believe from the evidence beyond a reasonable doubt, that the defendant did not himself ,commit the offense ·charged in the information but that such offense was committed and that the said defendant knowing that such crime was to be committed, and being present aided and abetted in its commission or not being present, advised and encouraged its commission, it is your duty to find him guilty of the crime charged.''

If he had been charged simply as a principal no fault could be found with said instruction. Having been accused, however, as a principal and also as an aider and abettor, the appellant reduces the instruction to this absurdity: If you believe the offense was committed but that the defendant did not commit it or aid and abet in its commission but you believe furthermore that the defendant did aid and abet in its

commission you must find him guilty. We think it manifest, though, that the court intended by the expression, "did not himself commit the offense charged in the information" the actual participation in the act of bringing the weapon into the jail and we are satisfied it was so understood by the jury. Otherwise, the instruction would be contradictory and meaningless and in that view would not warrant a reversal of the cause.

Appellant inveighs with considerable warmth against this instruction: "It is not necessary that the defendant should have been present with the witness Savage on the outside of the county jail of Santa Clara County at the time the revolver is alleged to have been brought into said jail by said Savage, but if you believe from the evidence beyond a reasonable doubt that said revolver was brought into said jail as charged in the information, and that the defendant knowingly aided and abetted in the bringing in of said revolver and was present when the same was so brought in, and received said revolver from said Savage and concealed the same, you are justified in finding the defendant guilty."

We do not find any substantial basis for appellant's criticism. The instruction does not invade the province of the jury. No fact is assumed and the only valid objection is that the instruction required of the people more than the law exacts. If the jurors believed the offense was committed and that defendant aided and abetted in its commission it was not necessary for them to go further and believe that he "concealed" the revolver in order to convict.

In this connection it may be said, also, that the action of defendant in concealing the weapon under the circumstances detailed was some evidence that he aided and abetted in the commission of the crime.

We have considered said instructions as though not given on request of appellant, although as to that the record is silent.

We have failed to discover any injustice in the conviction of defendant and the judgment and order are, therefore, affirmed.

Chipman, P. J., and Hart, J., concurred.