El Pueblo, Demandante y Apelado, *v.* Quirós, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Arecibo en causa por hurto de menor cuantía.

No. 925—Resuelto en julio 3, 1916.

Hurto de Menor Cuantía—Consejo o Incitación—Autores o Principales—Acusación Suficiente.—Una acusación que alega que algunos de los acusados aconsejaron, incitaron y propusieron a otros también acusados la comisión de un delito de hurto de menor cuantía que se especifica, siendo principales o autores del mismo, imputa un delito público.

Los hechos están expresados en la opinión.
Abogado del apelante: Sr. *Félix Santoni.*
Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El acusado y apelante fué declarado culpable de un delito de hurto de menor cuantía, a virtud de una acusación en la cual se imputaba el delito en la forma siguiente:

"El Fiscal formula acusación contra Juan Figueroa, Pío Muñiz, Venancio Santiago, Eulogio Quirós y Andrés Quirós, por un delito de hurto de menor cuantía (*misdemeanor*) cometido como sigue:

"Los citados Juan Figueroa, Pío Muñiz y Venancio Santiago durante las horas de la noche del 22 al 23 de febrero de 1915, en el barrio de Cialitos, del término municipal de Ciales, que forma parte del Distrito Judicial de Arecibo, P. R., allí y entonces, voluntaria e ilegalmente y con intención criminal, puestos de acuerdo, hurtaron, cogieron y se llevaron cinco cajas de colmenas de madera y zinc con sus abejas valoradas en $50 y que eran de la propiedad de C. López de Tord.

"Y el Fiscal alega además que los citados Eulogio Quirós y Andrés Quirós voluntaria, ilegal, criminal y maliciosamente aconsejaron, incitaron y propusieron a los referidos Juan Figueroa, Pío Muñiz y

Venancio Santiago la comisión del referido delito de hurto de menor cuantía que se deja dicho, siendo principales o autores del mismo.

"Este hecho es contrario a la ley para tal caso prevista y contra la paz y dignidad de El Pueblo de Puerto Rico."

La acusación ha sido impugnada por el fundamento de que, en lo que respecta al acusado y apelante, en ella no se imputa un delito público, pues no se determinan los actos particulares que constituyen el supuesto consejo e instigación, ni se alega que los acusados Quirós, *"no estando presentes,"* aconsejaron e incitaron la comisión del delito.

Aparte de la distinción que establece la ley común en cuanto al delito de traición, hurto de menor cuantía y *misdemeanors,* las únicas autoridades que han sido citadas por el apelante, o sean los casos de *People* v. *Campbell,* 40 Cal. 129, y *People* v. *McGungill,* 41 Cal. 429, no representan la ley ya en California o en cualquiera otra parte bajo preceptos de códigos semejantes al nuestro, careciendo de méritos la alegación. *People* v. *Outeveras,* 48 Cal. 19; *People* v. *Rozelle,* 78 Cal. 84; *People* v. *Nolan,* 144 Cal. 75; 1 R. C. L. 151, párrafo 33; 22 Cyc. 360, 361; 3 Bishop, New Criminal Procedure, párrafos 1 al 15, páginas 1217 y siguientes.

Y en cuanto al único otro error alegado, o sea, que la sentencia no está sostenida por la prueba, será bastante con decir que examinada cuidadosamente la prueba, ésta no revela tal error manifiesto por parte del juez sentenciador que justifique la revocación de la sentencia.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.