[Crim. No. 2429. Second Appellate District, Division Two.—September 29, 1933.]

THE PEOPLE, Respondent, v. JOE ENTERANTE et al., Defendants; EARL BUCHER, Appellant.

A. H. McConnell for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—By separate informations the appellant was charged with robbery, and with receiving stolen property, and having been found guilty of the former, he appealed.

Said information alleged that Joe Enterante, Fred Hayes and Earl Bucher wilfully, unlawfully and feloniously robbed one Mary Lewis of jewelry of the value of $5,100, in the county of Los Angeles. It is contended that the evidence fell short of that required to bring his case within the provisions of section 31 of the Penal Code. Said section reads: "All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, or whether they directly commit the act constituting the offense or aid and abet in its commission, or not being present, have advised and encouraged its commission, are principals in the crime so committed." The direct testimony of the People's witnesses revealed that three strange men entered the home of Mrs. Lewis after she had retired; that they were armed, and one was disguised; that a companion of the complaining witness was struck down, after which two entered the bedroom of the latter and pointing a revolver at her, stated: "We happen to know that you have diamonds . . . we will find the rings"; that if she made a noise they would "fill her full of lead"; and that through fear of bodily harm she revealed the whereabouts of her diamond rings, which

Enterante took. Shortly before the robbery occurred, Hayes and Enterante were called on the telephone by Bucher, at their home, and they left immediately; upon their return on the same evening they had the rings in question, Bucher again telephoned, joined them at said house, received said jewelry, and removed the stones therefrom. When so doing appellant remarked, the rings "are too strong evidence; we can't help it; we will have to throw them away". On the following day appellant stated that he had borrowed $50 on one and had given Enterante $30 thereof. At the time of the robbery one of the men stated to Mrs. Lewis that they had been misinformed as to the amount and value of her jewelry, and when they were together he again accused the appellant of having given him misinformation regarding its value, and stated: "I thought they had some money, and diamonds worth some money," to which the appellant replied that he had previously inquired and had been informed that the same "was worth $4,000 or $5,000". Bucher thereafter stated that he had realized $400 on the diamonds. It appeared that the appellant had theretofore asked the Lewises as to the value of their jewelry, and had stated that they might be robbed some night; that he denied to them any knowledge of the robbery, after having discussed it with the attendant of an oil station. As previously observed, the complaining witness had not previously to the time of their nocturnal call known either of the invaders. Yet the appellant some time thereafter informed her that he might recover her diamonds for $500. ■ It seems unnecessary to recite extensively from the evidence in order to show its sufficiency, since its weight and value became the controlling factor. "It is declared by the Penal Code that the distinction between an accessory before the fact and a principal, and between principals in the first and second degree, in cases of felony, is abrogated, and that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, or, *not being present, have advised and encouraged its commission, are principals in any crime so committed.* (Secs. 31, and 971.)" *People* v. *Nolan,* 144 Cal. 75 [77 Pac. 774]. (Italics ours.) The jury may well have drawn from all of the evidence before them a conclu-

sion that the appellant, though not conclusively shown to have been present, made the acquaintance and ascertained the property of his intended victims, directed and paid confederates to obtain the same, and disposed thereof. If the jury believed the evidence, they were warranted in finding that the appellant used said information for the purpose of procuring the commission of the crime of robbery for the profit of himself and his companions, and that he was actively engaged in advising and encouraging its commission. (*People* v. *Nolan, supra.*)

■ The appellant bases additional assignments for reversal upon asserted insufficiency of the evidence to establish more than a receiving of stolen property, and contends that upon charges of robbery it was error to admit proof tending to show participation in the disposition of the stolen jewelry. Such evidence consisted of his inquiry of a Mrs. Proctor, with whom he resided, concerning a magnifying-glass with which he examined the stones, and the act of removing them from said rings. It is insisted that this constituted proof of an offense other than that with which he had been charged, and was calculated to divert the minds of the jury from the real issue and to persuade them to believe that the appellant was likely to have committed robbery. As heretofore mentioned, its object was obviously to show acts and conversations from which the jury might conclude as to whether or not the appellant was a principal offender and from which they may well have concluded in the affirmative. It was not contended by the defendant during trial that he telephoned and met his co-defendants for a legitimate purpose involving said jewelry, but it is insisted that he made no call and that he did not visit any of the parties named or know of the robbery. The delivery to and sale by the defendant of its fruits became a part of its consummation if designed as contended by the People. Were it true that such evidence might tend to show the commission of some other offense, this alone would not render inadmissible evidence otherwise admissible. (*People* v. *Stoerkel,* 87 Cal. App. 336 [262 Pac. 825].)

■ From evidence of assistance rendered to the defendants by Mrs. Proctor upon their arrival after the robbery, it is contended that her testimony should have been treated

as that of a principal in the robbery, and so defined by instructions to the jury. This contention is rendered untenable by positive testimony of all the defendants that she declined to loan them her automobile and that any knowledge she may have acquired of their purposes was due to the fact that two of· them resided at her house and conversed within possible hearing. The record affrrds no basis for an assumption that she aided in planning or committing the offense.

█ The refusal to give certain instructions is assigned as error upon a like contention that the appellant could have been guilty of no offense other than that of receiving stolen property. We think this point equally unwarranting further discussion for reasons stated.

The judgment and order denying a new trial are affirmed.

Works, P. J., and Stephens, J., concurred.