Filed 2/24/14  P. v. Zapata CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057758 |
| v. | (Super.Ct.No. INF1100770) |
| GABRIEL GILBERT ZAPATA, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Richard A. Erwood, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Peter Quon, Jr., and William M. Wood, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant Gabriel Gilbert Zapata, Jr. of four offenses:

(1) residential robbery in concert (Pen. Code, §§ 211, 213, subd. (a)(1)(A));

(2) unlawfully taking a vehicle (Veh. Code, § 10851, subd. (a)); (3) street terrorism (Pen.

Code, § 186.22, subd. (a)); and (4) witness intimidation (Pen. Code, § 136.1, subd.

(c)(1)).  The trial court sentenced defendant to a total determinate prison term of 13 years,

including a three-year term for the witness intimidation conviction, plus an indeterminate

term of 15 years to life.  Defendant contends on appeal only that there is insufficient

evidence to support the conviction for witness intimidation, because the evidence does

not show that he made the threat or aided and abetted the perpetrator who did.[1]  Because

there is substantial evidence in the record supporting the jury's verdict, we affirm the

judgment.

## I.  FACTS AND PROCEDURAL HISTORY

On November 28, 2009, at approximately 4:00 p.m., Jorge Santillan was standing

in front of his mother's house in Indio, not far from his own house on the same street.  A

car with five occupants drove up, and defendant, the front passenger, spoke to Santillan.

Santillan recognized defendant; he initially identified him to police as someone named

"Gabriel or Gilbert" and nicknamed "Little G," though he had difficulty recalling these

names at trial.  Santillan testified that, after a brief conversation, he invited defendant to

his house to play video games.  A short time later, inside Santillan's house and after some

small talk, defendant asked if his companions could also come in; Santillan declined.

---

[1]  A second contention on appeal, regarding the trial court's sentencing, has been withdrawn.

2

Defendant's four companions then forcibly entered Santillan's house, and each of the five men confronted Santillan with handguns.

The men demanded Santillan's property, pushing him down and taking his jewelry. Santillan was then taken at gunpoint to a bedroom, where he was made to lie down on the bed with a pillow over his head, and his hands and legs were bound with speaker wires. At some point thereafter, Santillan was moved from the bed to the floor, and the mattress was pushed on top of him. Meanwhile, Santillan heard the other men "trashing" his house.

Before leaving, one of the men warned Santillan not to call the police, or he and his family would be killed. Then the men left, taking various property, including Santillan's vehicle. After their departure, Santillan was able to free himself and call 911.

Santillan identified to police several of the individuals who robbed him, including defendant. But Santillan did not specifically identify the robber who uttered the threat at issue in defendant's witness intimidation conviction, either to the police or at trial. The evidence in the record suggests it may have been one of defendant's companions, not defendant, who uttered the threat. Santillan stated he was taken to the bedroom by a large, tall man, not the defendant. There is no evidence in the record that any of the other four men entered the bedroom where Santillan was bound.

## II. DISCUSSION

This appeal presents the question of whether there can be substantial evidence in support of a witness intimidation conviction in a circumstance where there is no evidence that the defendant personally made the threat at issue, or even that the defendant was

3

present in the same room when the threat was made. For the reasons stated below, we answer this question in the affirmative. A conviction will be overturned for lack of substantial evidence only if "'"upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'" [Citation.]" (*People v. Cravens* (2012) 53 Cal.4th 500, 507-508.) Here, there is sufficient evidence to support defendant's conviction on an aider and abettor theory.

The jury was correctly instructed that a person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator. (See *People v. Beeman* (1984) 35 Cal.3d 547, 560-61; Pen. Code, § 31; CALCRIM No. 400.[2] To prove a defendant guilty of aiding and abetting a crime, the evidence must establish four elements: (1) the perpetrator committed the crime; (2) the defendant knew the perpetrator intended to commit the crime; (3) before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime; and (4) the defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime. (CALCRIM No. 401; see *Beeman*, *supra*, at p. 560-561.) "Aid and abet" is defined to include aiding, facilitating, promoting, encouraging, or instigating the perpetrator's commission of the crime. (*People v. Loza* (2012) 207 Cal.App.4th 332, 349 [quoting CALCRIM No. 401]) The absence of a defendant during the commission of the crime is irrelevant if the four elements are proven. (See *People v. Morante* (1999)

---

[2] Indeed, the jury seems to have focused on an aiding and abetting theory with respect to the witness intimidation count, sending a note asking for confirmation that "'aiding and abetting' applies" to that charge; the trial court answered in the affirmative.

4

20 Cal.4th 403, 433 [Pen. Code, § 31 clearly applies to those not present who, "with the requisite intent . . . have assisted the perpetrator"].)

Here, each of the elements of the offense is supported by substantial evidence. First, Santillan testified that one of the robbers threatened him. Second, there is substantial, if circumstantial, evidence that defendant knew of the perpetrator's intent to intimidate Santillan from reporting the crime. The coordinated nature of the robbery suggests the execution of a predetermined plan, and defendant was a principal player in the execution of that plan. Given Santillan's acquaintance with defendant, a clean getaway required preventing Santillan from reporting the crime to the police one way or another. The jury could have reasonably inferred that the threat against Santillan and his family was part and parcel of a plan for the robbery developed and executed by defendant and his companions. Third, defendant's own conduct, including brandishing a firearm, is reasonably viewed as intended to aid in committing the crime by adding weight to the verbal threat. Fourth, the evidence supports the conclusion that defendant's conduct did indeed aid or facilitate the commission of the crime, providing an immediate threat of physical force to underscore the verbal threat of possible future violence. Thus, even if defendant is assumed not to be the direct perpetrator, there is sufficient evidence to support his conviction for witness intimidation on an aiding and abetting theory. Defendant's reliance on *People v. Leon* (2008), 161 Cal.App.4th 149, is misplaced. In that case, there was no evidence the threat at issue was anything other than a spontaneous action by the alleged perpetrator. (See *id.* at p. 159.) The alleged aider and abettor in *Leon* therefore lacked the necessary knowledge of the perpetrator's criminal purpose, and

5

nothing he did aided, promoted, encouraged, or facilitated the commission of the offense. (*Ibid.*)  As discussed above, the evidence supports a contrary conclusion here.

Defendant's discussion of *People v. Anaya* (2013) 221 Cal.App.4th 252, is also unavailing.  Defendant distinguishes *Anaya* on its facts from the present case, based on the location of the alleged aider and abettor at the time of the offense.  But this is a distinction without a difference.  It is well established that the presence or absence of a defendant from a crime scene is a factor that may be considered in the determination of aiding and abetting, but it is not necessarily a dispositive factor.  (See, e.g., *People v. Campbell* (1994) 25 Cal.App.4th 402, 409; *People v. Lewis* (1908) 9 Cal.App. 279, 281; see also CALCRIM No. 401).

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


                                                                HOLLENHORST
                                                                                        J.
We concur:


        RAMIREZ
                        P.J.

        MCKINSTER
                        J.