Hawkins, J.,
delivered the opinion of the Court.
*79 At the October Term, 1866, of the Circuit Court, for the County of Knox, the Grand Jury returned into Court a bill of indictment, against the plaintiff in error, in which it is alleged, that, “John Davis, late of said county, colored, on the fourteenth day of September, eighteen hundred and sixty-six, in the County of Knox, aforesaid, feloniously and burglariously, did break, and enter, the mansion house of Peter Scott, with intent of the said John Davis, there and then, to commit a felony, and sixteen dollars in greenback money, of the value of sixteen dollars of the goods and chattels of Peter Scott, then and there being found, feloniously did steal, take and carry away, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State.”
At the same term of the Court, the prisoner was arraigned, and plead “not guilty” to the charge, and, thereupon, the cause was submitted to a jury, who returned a verdict against the defendant, of “guilty, in manner and form, as charged in the bill of indictment,” and fixed his term of imprisonment, in the penitentiary, at fifteen years.
The defendant moved for a new trial, which was refused; and, thereupon, the Court proceeded to pronounce judgment against the defendant, as. follows:
“It is therefore considered by the Court, that, for for the burglary aforesaid, the defendant shall be confined, in the jail house and penitentiary of the State, at Nashville, at hard labor, for the period of fifteen years,” &c.
*80 To reverse which the defendant has appealed to this Court.
The first question is, Does the indictment, with sufficient certainty, charge the prisoner with the crime of burglary?
Burglary is defined by the common law, as well as by our Statute, Code, sec. 4672, to be the breaking and entering into a dwelling, or mansion house, by night, with intent to commit a felony.
The indictment fails to charge that the act was done in the night time.
An indictment must charge all the facts and circumstances, the presence of which are necessary to constitute the offense, with such certainty that the defendant may know whether they constitute an indictable offense or not: 2 Hum., 84.
To constitute the crime- of burglary, it is as indispensable that the act of breaking and entering the dwelling, or mansion, be done in the night time, as that it be done with the intent to commit a felony, and the indictment must charge that it was done in the night time.
go, in the case of Thompson vs. Comm., 4 Leigh, 652, it was holden that an indictment, charging that goods were feloniously and burglariously taken from a dwelling house, without charging that it was done in the night time, is not a good indictment for burglary. Wharton Criminal Law, 614. And it has been holden in Connecticut, that an information for burglary, alleging that the prisoner feloniously and burglariously broke and entered, without alleging that the acts were *81 done in the night season, or stealing, at what hour they were done, was fatally .defective,: even after verdict and judgment thereon, and that the defect was not cumd hy the verdict: Lewis vs. the State, 16 Con., Wharton’s, on Criminal Law, 615.
Other authorities might he cited, in support of the propositions, but we deem it unnecessary, and think it is very clear that the indictment, in this case, does not charge the crime of burglary.
The nest question is, does it charge any indictable offense, and if so, what offense? .Sec. 4673 of the Code declares: “Whoever shall break, or enter into, a mansion house by day, with intent to commit a felony, shall be imprisoned in the penitentiary, not less than three, nor more than ten years.” Does -this indictment sufficiently charge a criminal offense, under this section, according to the rules already laid down? We think it does not.
The defendant cannot know, from an inspection of the indictment, whether the' intention was to charge him of breaking and entering the mansion house of Peter Scott, with the intent to commit a felony in the day time, or in the night time. If the acts are charged to have been done in the night time, then the charge is burglary; but if in the day time, it is an offense, under the provisions of this section of the Code.
To authorize a conviction, under this section, the acts must be proved to have been committed in the day time. To authorize a conviction for burglary, the proof must show the acts were committed in the night time.
*82 In both, instances, time is alike of the essence of the offense, and, whenever it is so, it must be alleged and proven. But, while we think the indictment charges neither a burglary, or an offense, under sec. 4673 of 'the Code, it is, nevertheless, a good indictment for larceny, which is defined to be “the felonious taking and carrying away the personal goods of another.”
In the case before referred to, of Thompson vs. Cone, 4 Leigh, 652, and in which it was holden that an indictment, charging that goods were feloniously and burglariously taken from a dwelling house, without charging that this was done in the night time, is not a good indictment for burglary; it was also held that it was good as an indictment for larceny.
An acquittal or conviction, on an indictment, for a greater offense, is a bar to a subsequent indictment for a minor offense, included in the former, whenever under the indictment for the . greater offense the ’defendant could have been convicted of the less: Whart. Criminal Law, 255.
So an acquittal on an indictment for burglary'and larceny, may be pleaded to an indictment for larceny of the same goods, because, upon the former indictment, the defendant might have been convicted of the larceny: People vs. McGowan, 17 Wend., 386; 2 Hawkins, 98.
If the charge be, that the prisoner feloniously and burglariously broke, and entered the dwelling house of J. S., &c., and, then and there, certain goods of J. S., feloniously and burglariously did steal, &c., the *83 indictment comprises two offenses, namely, Burglary and larceny; and, therefore, he may be acquitted of the burglary if the case be so upon the evidence, and found guilty only of the larceny. But, in such case, if the prisoner be acquitted of the larceny, it seems he cannot be found guilty of the burglary, because, as it thus charged, the larceny constitutes part of the alleged burglary:” Whart. Criminal Law, 614.
An indictment for burglary, or breaking and entering a mansion house by day, under section 4673 of the Code, must show that the acts were done with a felonious intent; but, as the law presumes, that, whatever else was done, was intended, the indictment is sufficient, although silent as to the intent, if it allege that a certain felony was done then: Bishop Criminal Law, 115.
Thus it would seem, that an indictment, charging the prisoner with having burglariously broken and entered a mansion house in the- night time, and with having feloniously taken and carried away' the personal goods of another, then and there being found, does not technically charge two separate and distinct offenses, for, in such case, the larceny is the minor offense, and is included within, and constitutes a part of the burglary.
And it is provided, by sec. 4675 of the Code, that “ any person, indicted under these sections, (4672-3-4,) when another felony is included in the charge, may be convicted for such felony.”
But, as we have already holden that this indictment sufficiently charges but one offense, that of lar *84 ceny; it is unnecessary to discuss this subject further, for, inasmuch as it charges hut one offense,. it is impossible that there can be a joinder of separate and distinct offenses in the same count.
His Honor, the Circuit Judge, charged the jury that, “ if they should find that the defendant was guilty of burglary, as charged in the indictment, they should then fix the time of his imprisonment in the penitentiary at such time as they might agree upon, not less than five, nor more than fifteen years.
This portion of his charge to the jury would have undoubtedly been correct, if he had been correct in the assumption that the indictment charged a burglary; but as this assumption was erroneous, the instructions founded thereon, were likewise erroneous, and calculated to mislead the jury, as it evidently did. The jury, by their verdict, said the prisoner was guilty “as charged in the indictment,” without specifying whether it was of the crime of burglary, or of larceny, and fixed the term of imprisonment at fifteen years.
If the conviction was for burglary, the jury had the right to fix the term at not less than five nor more than fifteen years.
But if the conviction had been for grand larceny, the jury could not fix ■ the imprisonment at a longer period than ten years. It is evident the jury intended, by their verdict, to find the prisoner guilty of burglary, and to fix a punishment for that offense, and although they did not say the prisoner was guilty of burglary, the judgment of the Court assumes that the conviction was for that offense. Upon this indict *85 ment the prisoner is not liable, upon conviction, to more than ten years’ imprisonment in the penitentiary. The verdict and judgment are, therefore, erroneous, and must be reversed.
The cause will be remanded to the Circuit Court of Knox County, in order that a new trial may be had, and in default of bail, the prisoner will be remanded to jail.