# DWIGHT VAUGHN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 456 S.W.2d 879.

Court of Criminal Appeals of Tennessee. May 5, 1970.

Certiorari Denied by Supreme Court July 6, 1970.

Joe H. Walker, Jr., and Max Hildebrand, Ripley, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Will Terry Abernathy, Dist. Atty. Gen., Selmer, Preston Parks, Asst. Dist. Atty. Gen., Somerville, for defendant in error.

## OPINION

DWYER, Judge.

Dwight Vaughn heard a jury in the Circuit Court of Lauderdale County return a verdict finding him guilty of committing the offense of murder in the first degree. They assessed his punishment at confinement for twenty-five years and a day in the State Penitentiary. Through court-appointed counsel he has seasonably perfected his appeal to this court.

■ ■ The facts as revealed by the record and developed in the trial reflect that on September 21, 1968, Dwight Vaughn and his father-in-law Ulice C. Davis left Mound City, Illinois to visit Davis's father in Lauderdale County, according to the testimony of Dwight Vaughn and Ulice C. Davis, proof of the defense. A Mrs. Milton Poole, wife of the deceased, testified she and her husband, residents of Tiptonville, had been to Memphis attending the fair. On being unable to obtain a room in Memphis they journeyed toward their home. Mrs. Poole was driving, with Mr. Poole asleep, his head in her lap. North of Ripley a black Plymouth forced her off the road with a colored man getting out of this car approaching her car. Her husband awakened, obtained a pistol from the glove compartment and when the window was knocked out by Ulice C. Davis shots were exchanged with resulting head wounds received by Mr. Poole, which caused his death several months later. Two witnesses, approaching this holdup attempt, both testified that they saw two men outside of the old Plymouth car which had forced the Poole car off the road. An investigation was made by the Sheriff of Lauderdale County which culminated

in the arrest of Dwight Vaughn and Ulice C. Davis as the perpetrators of this crime on October 2, 1968, in Mound City, Illinois. The sheriff testified he effected the arrest in the courthouse there on warrants which had been issued charging both with felonious assault (Mr. Poole having not expired at that time). He further related Dwight Vaughn, after being fully and completely advised of his rights pertaining to the *Miranda* ruling, gave a statement inculpating himself in this crime. The sheriff related he was informed by Dwight Vaughn he had come to Lauderdale County with Ulice C. Davis for the express purpose of robbing an automobile driven by a lone white woman. He further related to the sheriff that he knew Ulice was armed and that he had handled the pistol. At the trial Dwight Vaughn repudiated this statement and testified he was half asleep when the crime occurred and had no knowledge of what was taking place. He further related he never got out of the car and that Ulice told him some thirty miles removed from the scene what had happened. He called Ulice Davis as a witness and he backs up Vaughn's testimony with an attempt at exoneration of Vaughn as having no knowledge and no participating part in this robbery-murder. The proof in the record opposed one to the other and is and has been resolved by the jury with an obvious repudiation of the defense theory by its verdict. In recent decisions of the Supreme Court and this court the rule has been restated that the verdict of the jury, when approved by the trial judge accredits the testimony of the State and resolves all conflicts in favor of the theory of the State. Such a verdict has displaced the presumption of innocence and has created a presumption of guilt. Here the accused has the burden of showing that

the evidence preponderates against the verdict and in favor of his innocence. Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107; Schweizer v. State, 217 Tenn. 569, 299 S.W.2d 743; Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768.

Through court-appointed counsel seventeen assignments of error have been made attacking the validity of the verdict and judgment rendered thereon. Court-appointed counsel, for the sake of brevity, consolidates his assignments into three which are as follows:

1. The defendant was a minor child when arrested in the State of Illinois, as an accessory to the act of assault and battery, and the police officers did not afford him his constitutional guaranty of due process of law by either permitting his parents, a juvenile officer, an attorney of his own choosing or one appointed by the State of Illinois, to be with him and assist him during police interrogation and alleged oral confession. Therefore, any such statements. if made, were involuntary; therefore, illegal and not admissible.

The minor defendant was then transported to Tennessee, without extradition papers obtained, under police conditions and police state, and the police officers did not afford him his constitutional guaranty of due process of law by either permitting his parents, a juvenile officer, an attorney of his own choosing or one appointed by the State of Tennessee to be with him and assist him during police interrogation and when alleged written confession was obtained. Therefore, such statements and information obtained were involuntary; therefore, illegal and not admissible.

2. It was error for the trial judge to overrule the minor defendant's objection to the introduction of the alleged oral confession into evidence, as well as error in overruling the minor defendant's motion in limine prior to introduction of evidence. This was error as it is contrary to the statutory scheme under the juvenile courts in the State of Tennessee; it contradicts the case law of superior court holdings; and denied the minor defendant the constitutional rights and protection due him under the law.

3. It was error to have the motion for a new trial overruled, after said objection was registered.

■ Defendant contends in his first assignment of error as outlined in his brief, basically, that the alleged oral confession was elicited from the said minor defendant, who was stripped of all constitutional protection. In order to properly evaluate this contention we examine the surrounding circumstances found in the record pertaining to the obtaining of the confession. The sheriff related, armed with information of the identity of the two perpetrators of the crime and warrants for their arrest, he journeyed to Mound City, Illinois and brought about by his actions the arrest of the defendant. The record reflects that the sheriff was unaware that the defendant was a juvenile. From testimony adduced the sheriff related he was informed the defendant was married and that none of his answers indicated he was not of age. Nevertheless, as that may be, from a reading of the authorities quoted by both the defendant and the State, defendant's main thrust appears to be bottomed on his minority status and therefore *ipso facto* his confession could not be voluntarily given in the absence of

counsel or parent. With this premise we do not agree and do not accept. Age should be and is a factor in determining voluntariness of a confession. It is not and should not by that fact alone be an estoppel. Defendant relies upon Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); and Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224. There is, from a review of the quoted cases, a chasm to be found in those cases and this record. In *Gallegos, supra,* quoting *Haley, supra,* the following is found:

> "* * * A 15-year old lad, questioned through the dead of night by relays of police, is a ready victim of the inquisition. Mature men possibly might stand the ordeal from midnight to 5 A.M. But we cannot believe that a lad of tender years is a match for the police in such a contest."

In *Gallegos, supra,* the following language may also be found:

> "There is no guide to the decision of cases such as this, except the *totality of circumstances* that bear on the two factors we have mentioned. The youth of the petitioner, the long detention, the failure to send for his parents, the failure immediately to bring him before the judge of the Juvenile Court, the failure to see to it that he had the advice of a lawyer or a friend —all these combine to make us conclude that the formal confession on which this conviction may have rested (see Payne v. Arkansas, 356 U.S. 560, 568, 78 S.Ct. 844, 850, 2 L.Ed.2d 975) was obtained in violation of due process." (Emphasis added.)

The State in its brief urges upon us in viewing

this assignment that we apply the test of totality of circumstances as the controlling factor in determining whether a minor may or may not voluntarily confess to a crime without counsel or parents. As related and reviewing the authorities relied upon by both defendant and State we are of the opinion and so hold that the totality of circumstances surrounding the obtaining of the confessions was not contrary to the due process guaranty of the defendant. As related, the court in a hearing held out of the presence of the jury found the confession to have been made in accordance with the *Miranda* principles. The record reflects the sheriff testified that after advising the defendant and that after a questioning period of around thirty minutes, the defendant confessed stating, "Well, you're bound to know what you're talking about, or you wouldn't be up here in Mound City with a warrant after me." In the trial the defendant testified and contested in no wise his confession on the grounds he had not been properly advised, mistreated or unreasonably grilled. He simply made a denial of making the damaging statement, which resolved itself into an issue of fact for the determination of the jury. In People v. Lara, 67 Cal.2d 365, 62 Cal.Rptr. 586, 432 P.2d 202, there may be found an excellent dissertation by the Supreme Court of the State of California on the subject matter of a minor confessing to a crime. We subscribe *in toto* to the holdings of that court as to the particular matter under scrutiny. We further note that the defendant was interrogated on the evening of October 2, 1968, and returned to Lauderdale County that night and was before the juvenile judge the next morning and held to the State in accordance with T.C.A. Section 37-264. The record is not too clear, but it ap-

pears counsel was appointed by the juvenile judge for the defendant at this hearing. We therefore hold that it was not error for the trial court after a hearing out of the presence of the jury to allow the confession to be admitted into evidence. We hold under the totality of the circumstances found in this record the confession, as related, was not obtained in violation of the due process guaranties of the defendant. We have reviewed Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed. 527 (1967) and Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Neither authority gives defendant comfort as we view it under the totality of the circumstances found in this record. We accordingly overrule the assignment of error.

■■■■ We also, in answering the first assignment, have overlapped, so to speak, into the second assignment. We know of no law in this State that prohibits the introduction of the confession of the juvenile when it, as here in this record, was taken per the *Miranda* holdings. The sheriff related that the defendant, after he had advised him, informed the sheriff he knew and understood his rights. As related before, in the trial no contest was made as to the defendant not being properly advised. Due process may be interpreted to mean fundamental fairness and substantial justice. In viewing this record, as reiterated, we can find a deprivation of neither of the above elements by the sheriff to the defendant. In fact, the sheriff at the trial was still not sure that defendant was not of age at the time he questioned him. We are further aware of cited authority by the defendant of Harling v. United States, 111 U.S.App. D.C. 174, 295 F.2d 161, which is a federal rule of law

which bars the government from using in a district court under the general law any incriminating statement by a juvenile taken, while being held under the auspices of the juvenile court. We are not bound to follow this rule of law and accordingly so hold. T.C.A. Section 37-266 does not exempt defendant's confession from being used in his criminal trial. We accordingly overrule the assignment of error.

After a full review of the record we are of the opinion the trial court did not err in overruling defendant's motion for a new trial. This assignment is overruled.

All assignments being evaluated and found wanting the judgment of the trial court is affirmed.

We commend court-appointed counsel for discharging his duties with zeal and fidelity to his client.

WALKER, P. J., and RUSSELL, J., concur.