FILED
01/23/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2018

**STATE OF TENNESSEE v. ABBIE LEANN WELCH**

**Appeal from the Criminal Court for Knox County**
**No. 107201   G. Scott Green, Judge**

_____

**No. E2018-00240-CCA-R3-CD**

_____

CAMILLE R. MCMULLEN, J., concurring in part and dissenting in part.

I write separately in this case to note my concerns and to reiterate that "burglary is a serious offense with serious consequences. . . . [It] is no petty crime." State v. Office of the Public Defender ex rel. Muqqddin, 285 P.3d 622, 636 (N.M. 2012). The facts are simple and not in dispute. The Defendant, who previously had been banned from a retail store, entered the same retail store and shoplifted several clothing items valued under $100. Minutes later, the Defendant's friends returned the stolen items in exchange for a store gift card or credit. This factual scenario is ordinarily prosecuted as a criminal trespass and shoplifting/theft, both misdemeanor offenses with a penalty of no more than eleven months and twenty-nine days. See, e.g., State v. Constance Elaine Archer, No. M2012-00154-CCA-R3-CD, 2012 WL 5188079, at *1 (Tenn. Crim. App. Oct. 19, 2012). Remarkably, the Defendant here was charged with and convicted of theft by shoplifting as described above and burglary, a felony with a penalty of two to twelve years imprisonment.

As a former prosecutor, I recognize and respect that "prosecutorial discretion in the charging process is very broad." State v. Superior Oil, Inc., 875 S.W.2d 658, 660 (Tenn. 1994) (footnote and internal quotation marks omitted). Chief Justice Henry acknowledged that the office of district attorney general "'[i]n a very real sense, . . . is the most powerful office in Tennessee today. Its responsibilities are awesome[, and] the potential for abuse is frightening.'" Pace v. State, 566 S.W.2d 861, 867 (Tenn. 1978) (Henry, C.J., concurring) (quoting Dearborne v. State, 575 S.W.2d 259, 262 (Tenn. 1978)). Prosecutors, however, are not without constitutional restraint. Though often forgotten, "[d]ue process, at its most basic level, 'mean[s] fundamental fairness and substantial justice.'" State v. White, 362 S.W.3d 559, 566 (Tenn. 2012) (quoting Vaughn v. State, 456 S.W.2d 879, 883 (Tenn. Crim. App. 1970)); see Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014) ("Due process itself 'embodies the concepts of fundamental fairness,' justice, and 'the community's sense of fair play and decency.'" (quoting Whitehead v.

State, 402 S.W.3d 615, 623 (Tenn. 2013)). Due process functions to constrain "'both the procedures used by the government and the substance of legislation interfering with personal liberties.'" White, 362 S.W.3d at 566 (quoting 2 Chester James Antieau & William J. Rich, Modern Constitutional Law § 40.00, at 558 (2d ed. 1997)). In my view, when an individual, like the Defendant, is charged with burglary, a Class D felony, and fundamental fairness requires that this individual be charged with the misdemeanors of shoplifting and criminal trespass, prosecutors violate procedural due process by abusing their charging discretion and by unilaterally and unreasonably expanding the reach of the burglary statute. By charging individuals in this way, prosecutors are creating an enhanced penalty for shoplifters and petty thieves who have been banned from retail stores. However, only the Tennessee General Assembly has the power to define the acts that will constitute a criminal offense and to determine the appropriate punishment for a particular crime. With these types of prosecutions, I believe prosecutors are supplanting their will for that of the Tennessee legislature.

In fact, the burglary statute's application to shoplifting cases in this way is wholly at odds with recent legislative enactments, including the amendments to Code sections 39-14-105 and 39-14-146. On January 1, 2017, Tennessee Code Annotated section 39-14-105 was amended to provide that theft of property or services is a Class A misdemeanor if the value of the property or services obtained is $1000 or less, rather than the previous threshold of $500 or less. See T.C.A. § 39-14-105(a)(1). Additionally, on July 1, 2017, Code section 39-14-146, the shoplifting statute, was amended to add subsection (c), which provides that "[n]otwithstanding any other law, a fifth or subsequent conviction in a two-year period shall be punished one (1) classification higher than provided by § 39-14-105, and subject to a fine of not less than three hundred dollars ($300) nor more than the maximum fine established for the appropriate offense classification." See id. § 39-14-146(c). These amendments evince an understanding that shoplifting is a petty, non-violent property offense that should not be punished as harshly as burglary.

Also problematic is the fact that the burglary statute's application to the Defendant, that of a shoplifter previously banned from a retail store, bears no relationship to the common law's and the Model Penal Code's definition of burglary. At common law, the offense of burglary involved the breaking and entering another's dwelling at night with the intent to commit a felony. Davis v. State, 43 Tenn. 77, 80 (Tenn. 1866). While Section 221.1 of the Model Penal Code expanded the common law definition of burglary to cover "building[s] or occupied structure[s,]" it reiterated that a person could not be convicted of both burglary and the underlying offense unless the underlying offense "constitute[d] a felony of the first or second degree." Model Penal Code § 221.1. The explanatory note for Section 221.1 recognized that the continued survival of the offense of burglary "reflect[ed] a considered judgment that especially severe sanctions are appropriate for criminal invasion of premises under circumstances likely to terrorize occupants." Model Penal Code § 221.1, Explanatory Note for Sections 221.1 and 221.2.

Application of the burglary statute to shoplifting cases like this simply runs counter to the time-honored belief that burglary is meant to punish a harmful entry. See State v. Archuleta, 346 P.3d 390, 392 (N.M. Ct. App. 2014) (citing Muqqddin, 285 P.3d at 624). As reflected in the historical development of this offense, "burglary has a greater purpose than merely protecting property[,]" and "[i]t is the invasion of privacy and the victim's feeling of being personally violated that is the harm caused by the modern burglar, and the evil that our society is attempting to deter through modern burglary statutes." Muqqddin, 285 P.3d at 632 (emphases added); cf. State v. Martinez, 832 P.2d 331, 336 (Idaho Ct. App. 1992) (observing that the defendant "was not sentenced for misdemeanor injury to property, but for the more serious invasion of privacy and security represented by the crime of burglary"). Unlike an individual who owns a building closed to the public, a retail store such as Walmart does not have its privacy invaded and is not terrorized or personally violated when a banned individual commits the offense of shoplifting or theft within one of its stores.

Fundamental fairness requires that there be a reasonable relationship between the act committed (including the value of the property stolen and the harm involved), the offense charged, and the crime for which the defendant stands convicted. See Bordenkircher v. Hayes, 434 U.S. 357, 365 (1978) (recognizing that a prosecuting attorney's discretion "carries with it the potential for both individual and institutional abuse" and that while a prosecutor's discretion is broad, "there are undoubtedly constitutional limits upon its exercise"). In my view, because the offenses of shoplifting and criminal trespass more than adequately address the harm involved when a banned individual commits an act of shoplifting, application of the burglary statute in cases like this violates procedural and substantive due process. For all these reasons, I would reverse and vacate Welch's conviction for burglary.

_____
CAMILLE R. MCMULLEN, JUDGE