[Crim. No. 367.   Department Two.—April 19, 1898.]

## THE PEOPLE, Respondent, v. JOSEPH JAPHET EBANKS, Appellant.

CRIMINAL LAW — HOMICIDE — ORDER FIXING DATE FOR EXECUTION— EFFECT OF APPEAL. — The pendency of an appeal from an order made after final judgment fixing a date for execution does not work a stay of the judgment, and can have no effect upon any further proceedings in the court below, and the appeal is of no further importance after the lapse of the time fixed for execution by the order appealed from.

ID.—INFORMATION—SESSION OF GRAND JURY.—An information is not rendered invalid by the fact that when it was filed the grand jury was in session. The two modes of procedure by indictment or information are concurrent.

ID.—CONCLUSIVENESS OF JUDGMENT.—The final judgment of conviction is conclusive upon the question of the validity of the information, and

cannot be assailed upon appeal from an order made after judgment fixing the date for execution.

Id.—Change of Judge—Judicial Knowledge.—This court will take judicial knowledge that the judge who pronounced the original judgment had ceased to be a judge when the order was made.

Id.—Execution of Sentence of Death—Power of Warden of State Prison.—The warden of the state prison has authority, under section 1227 of the Penal Code, as amended in 1891, to execute a judgment of death.

Id.—Order Fixing Execution within Ten Days—Appellant not Prejudiced.—Though an order fixing the date for the execution of the judgment of death within ten days is presumptively an abuse of discretion, as not allowing sufficient time for a bill of exceptions, and for an application for a certificate of probable cause, yet where, as matter of fact, a bill of exceptions was settled and a certificate of probable cause applied for in this court before the day fixed for the execution of the judgment, and was denied, the appellant is not prejudiced by the order, and it will be affirmed.

APPEAL from an order of the Superior Court of San Diego County fixing a date for the execution of a judgment of death. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

J. S. Callen, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

THE COURT.—This is an appeal by the defendant from an order of the superior court made after judgment, fixing the day for the execution of a judgment of death, under section 1227 of the Penal Code.

The appellant was convicted in the superior court of the county of San Diego of the crime of murder in the first degree, and was sentenced to suffer the death penalty. He appealed from the judgment and from an order denying his motion for a new trial, and the judgment and order were affirmed by this court on August 23, 1897; and the *remittitur* was received and filed in said superior court on the twenty-fifth day of September, 1897. The day for the execution of the judgment having passed during the pendency of the appeal, he was on the thirtieth day of September, 1897, brought before the superior court under the provisions of said section 1227 of the Penal Code, and an order was on that

day made fixing the eighth day of October, 1897, for the execution of the judgment. From this order the present appeal is taken.

Owing to circumstances not necessary to be here related, the judgment was not executed on said eighth day of October; and, as that day was passed before the present appeal was submitted here, it is evident that this appeal is of no further importance. It is now of no consequence whether the order appealed from be affirmed or reversed. Its pendency can have no effect upon any further proceedings in the court below, for it does not work a stay of the judgment, or of any subsequent proceeding proper to be taken. (*People v. McNulty*, 95 Cal. 594.) But, as the law in this respect does not seem to be universally understood, we will formally dispose of the appeal.

Appellant contends that the information against him, and upon which he was convicted, was invalid because at the time the information was filed there was a grand jury of the county in session, and that while the grand jury was in session he could not be put upon his trial upon an information. This contention could not be maintained, even if made on an appeal from the final judgment, for the two modes of procedure by indictment or information are concurrent; but the judgment in the case was conclusive on that point.

There is no merit in the point that it does not affirmatively appear why the judge of the superior court who pronounced the original judgment did not make the order here appealed from; this court will take judicial knowledge of the fact that he had ceased to be a judge of said court when the order was made.

There is no merit in the contention that the warden of the state prison has no authority to execute a judgment of death; such authority is expressly given in section 1227 of the Penal Code, as amended in 1891. (Stats. 1891, p. 274.)

The only point which has any merit, made by the appellant, is that the order appealed from was erroneous because the day fixed for the execution of the judgment was less than ten days from the date of the order. The principal reason, however, why an order fixing so short a time is held to be an abuse of discretion is that it does not give, or might not give, the appellant sufficient time to have a bill of exceptions prepared so that an application

for a certificate of probable cause might be presented to the judge
of the court below, or to a justice of this court, before the day
fixed for the execution of the judgment. But in the case at
bar. the bill of exceptions was settled on the first day of October;
and as a matter of fact a petition for a certificate of probable
cause, together with the bill of exceptions, was presented to
justices of this court before the day fixed for the execution of
the judgment and was denied. (See *People v. Durrant,* 119 Cal.
201.) And as the bill of exceptions shows that there was no
ground for a certificate of probable cause, the appellant was in
no way prejudiced by the order.

The order appealed from is affirmed, and it is ordered that the
*remittitur* issue forthwith.

We approve the above order that the *remittitur* in the above
entitled case issue forthwith.

                    Beatty, C. J., Harrison, J., McFarland, J.

Hearing in Bank denied.