(No. 5257. June 26, 1929.)

STATE, Respondent, v. PARLEY CLARK, Appellant.

[278 Pac. 776.]

Peterson, Baum & Clark and B. P. Howells, for Appellant.

W. D. Gillis, Attorney General, and Fred J. Babcock, Assistant Attorney General, for Respondent.

GIVENS, J.—■■ Appellant was found guilty of having as city clerk of the city of Burley embezzled from such city the sum of $5,869.72 as charged in the information filed against him. His first group of assignments is based on the action of the trial court in allowing the state's challenges of certain veniremen on the ground that they were qualified jurors and that the trial court improperly dismissed them.

A defendant is not entitled to any particular juror and

even though these challenges should not have been allowed, defendant has not shown that the jurors actually chosen were not in every way qualified. No prejudice is shown. (*State v. Hoagland*, 39 Ida. 405, 228 Pac. 314; *State v. Rodriguez*, 23 N. M. 156, 167 Pac. 426, L. R. A. 1918A, 1016.)

Various amounts making up the total embezzlement consisted of the collection by defendant of charges against individuals in Burley for water and electricity furnished by the city. Defendant urges that there was no competent proof that the city owned the light and water facilities. There was ample evidence that the office of the city clerk collected these charges and that the defendant received them as charges for light and water service rendered and that they were paid by him to the city treasurer. The record shows these charges were received by the defendant as city funds and under the city ordinance he was charged with their receipt and distribution. (*State v. Dawe*, 31 Ida. 796, 177 Pac. 393.)

Defendant objected to certain questions asked of the clerks in his employ and of an expert accountant who had audited his accounts on the ground that the questions called for conclusions and were not the best evidence. Where there are records and numerous accounts consisting of many documents, books, entries, etc., a person properly qualified either as an expert or by reason of having made such accounts may testify as to the results of his examination. (*Gurley v. State*, 164 Ark. 397, 262 S. W. 636; *People v. Wulff*, 313 Ill. 286, 145 N. E. 108; *State v. Ewert*, 52 S. D. 619, 219 N. W. 817.)

The evidence clearly showed that records of the clerk's office were kept by the defendant or the clerks under his direction and control.

All records from which the witnesses testified with the exception of the records of the school district, were before the court and no demand was made by the defendant for the school records.

A bill of particulars was requested by the defendant and two affidavits were made by the prosecuting attorney

which the court ordered should be considered as a bill of particulars. The defendant urges that these were insufficient and also that certain items, particularly Exhibits 166, 167, relating thereto, were admitted and that the bill of particulars did not refer to these items.

The first affidavit contained general statements which might have included the subject matter of these exhibits even though not particularly mentioning them. It will also be noticed that on first offering the exhibits the prosecuting attorney promised to connect them up and the court allowed them to stand. Later the court in connection with these exhibits admitted Exhibit 96 without objection and at that time no motion to strike Exhibits 166 and 167 was made. The court at the same time expressly sustained an objection to Exhibit 168. In view of the colloquy with regard to these exhibits extending through the testimony of the witnesses, Steen and Painter, the court might have concluded that by the failure to object to the admission of Exhibit 96, defendant had concluded these exhibits had been properly connected. We believe that defendant was not prejudiced, especially in view of the fact that the trial court is given discretionary power in inflicting the extreme penalty in refusing evidence not referred to in the bill of particulars. (*Miller v. Village of Mullan,* 17 Ida. 28, 19 Ann. Cas. 1107, 104 Pac. 660.)

The above is a civil case but there is no provision in the criminal code for a bill of particulars. Conceding that this court has held that a bill of particulars may be applied for in a criminal case, the reasoning applicable to a bill of particulars in a civil case is applicable to a criminal case.

■ Defendant contends that the ordinances introduced in evidence were not shown to be ordinances of the city of Burley. C. S., sec. 4064, makes the city clerk custodian of all city ordinances and records of the city which, by C. S., sec. 4063, may be proved by the certificate of the clerk. Sections 3848, 3853–3858, provide in substance that where a village becomes a city, all remaining unrepealed ordinances of the village become the ordinances of the city. It is defendant's contention that there is nothing to show that the

ordinances in question were unrepealed. Ordinance 82, which prescribes the duties of the city clerk, bore this certification:

"State of Idaho,
"County of Cassia,—ss.

"I, George Peacock, Clerk of the City of Burley, County of Cassia, State of Idaho, do hereby certify that the foregoing is a true and correct copy of the original ordinance No. 82 found in Ordinance Book No. 2 on pages 282–286, of the City of Burley, State of Idaho, now on record in my office at Burley, Idaho.

"In witness whereof, I have hereunto set my hand and affixed my official seal,

"Done at Burley, Idaho, this 19th day of April, 1928.
"(Seal)                    GEO. S. PEACOCK, Clerk."

Ordinance 196, providing for lighting rates, was an ordinance of the city of Burley and likewise contained such a certificate of the city clerk as of date April 19, 1928.

The ordinances having been adopted May 7, 1913, and February 2, 1920, respectively, there was thus a *prima facie* showing that the two ordinances were in effect during the period covered by the information.

Ordinance 265 was attested by the defendant himself.

Ordinances 249 and 267 were attested by the defendant as ordinances of the city of Burley and their dates and the date of the certificate show they were effective over the period when the defendant was in office. There was thus a *prima facie* showing that these ordinances were unrepealed and were valid and subsisting ordinances of the city of Burley. (*State v. Dawe, supra.*)

The language of the last case at page 806 of 31 Ida., 177 Pac. 397, is pertinent not only in regard to defendant's contention as to these ordinances but also as to the ownership of the utilities and the receipt of the light and water charges and the duty of the clerk in connection with turning over these funds to the city treasurer:

"Granting, then, that these ordinances were not legally passed by the council, they were brought in evidence, certified

by the lawful custodian thereof; and under them the appellant, by virtue of the fact that he was city clerk, had assumed to act on behalf of the city of Idaho Falls, in collecting the moneys which said purported ordinances sought to authorize him to collect; and, having collected a large sum by virtue of his office and by virtue of the ordinances mentioned, having remitted to the city treasurer the greater part thereof as required by said ordinances and having withheld and converted to his own use $8602.83 of the money so collected, he cannot be heard to say that the ordinances were of no legal effect, and that he received the sums in question in a private capacity as a mere agent of the city.''

Defendant complains of the introduction in evidence of two claims, made by the city, on the bonding companies which had furnished the defendant with a bond. Prior thereto defendant had elicited information from the state's witnesses that the defendant had sought to restore a large part of the money which he was charged with having embezzled. The evidence showed that one check sent by a bonding company in part payment was unsigned and was returned for that reason. The matter was opened up on cross-examination by the defendant.

In view of this evidence and in view of the fact that defendant had virtually confessed to the mayor, the expert accountant and the city attorney, it cannot be said that herein there was prejudicial error in the admission of this evidence, conceding, in the absence of these facts, that there might have been. (*State v. Whitney,* 43 Ida. 745, 254 Pac. 525.)

The defendant objects to certain instructions because of the alleged invalidity, as mentioned above, of certain of the city ordinances. These instructions, for the reason given above, were not incorrect.

The defendant further objects to instruction No. 9 because the court told the jury that the clerk was under the duty of paying over to the city treasurer all funds collected by him as clerk on the day prior to the last meeting in each month of the city council. We believe that this instruction was a proper one in view of ordinance No. 82

defining the duties of the clerk of Burley. The objection that the instruction inferentially stated that defendant was guilty because of carrying over money from month to month was without merit. (*Goble v. Boise Payette Lumber Co.*, 38 Ida. 525, 224 Pac. 439.)

Defendant objects to instruction No. 12 because the instruction told the jury that they could base a reasonable doubt upon a fair deduction *of* all the evidence in the case instead of *from* all the evidence. Conceding that "from" should have been used instead of "of," which we do not decide, we do not think defendant was prejudiced thereby.

Defendant objects to instruction No. 17 as follows: "You are further instructed that in order to warrant a conviction, the plaintiff must prove beyond a reasonable doubt a conversion which the agent or officer, under his employment, had no right to make."

Defendant contends that the jury would think defendant might be guilty if any employee had been guilty. This criticism is hypercritical and we do not think that it is justified.

Defendant objects to instruction No. 23 because the court there advised the jury that the state need not prove beyond a reasonable doubt "every collateral or corroborative fact or circumstance in the case." An instruction similar in form was held to be not erroneous in *State v. Kruger*, 7 Ida. 178, 61 Pac. 463.

The defendant assigns as error the refusal of the court to instruct the jury that restitution could be considered as bearing on defendant's intent. C. S., sec. 8460, expressly provides that restitution is not a ground of defense but only authorizes the court to mitigate the punishment. The question of restitution was not a proper matter to be considered by the jury since punishment is a matter solely for the court.

The defendant objects to the court's instruction to the jury that judicial notice could be taken of the fact that Burley was a city of the second class. C. S., sec. 3859, so provides.

Defendant urges that the evidence is insufficient to establish defendant's guilt for three reasons:

1. It was not shown that it was the duty of the clerk to receive the funds which he is charged with embezzling. This was shown by the testimony of his clerks, the city ordinances, his confessions and his own conduct as detailed by his clerks with reference to books in his office kept in part in his own handwriting and in part by his clerks under his direction. The defendant himself handled money received for plots in the city cemetery and these notations were in his own handwriting.

2. The evidence was insufficient to show the time when the funds should be turned over to the city treasurer. Ordinance No. 82 covered this matter and the only fair conclusion to be drawn from it is that this was to be done monthly or at least quarterly which was not done. (C. S., secs. 4040, 4042.)

3. The evidence is insufficient to show that the money received by the clerk was the property of the city of Burley. State's Exhibit 2 shows that these were received as city funds as did the testimony of defendant's clerks who were witnesses for the state.

4. It was not shown that Burley was a city of the second class.

The trial was held in Burley in Cassia County. C. S., sec. 3859, provides that under those circumstances the court when held in the county where the city is may take judicial notice of the status of such municipality and that the city is a continuation of a municipality formerly organized as a village.

The evidence shows that during all the time defendant was city clerk, he and his employees were in the habit of taking city moneys and substituting therefor their I. O. U.'s. There is ample evidence to justify the jury in having found defendant's personal share in such peculations to be the amount specified in the information.

The judgment is affirmed.

Budge, C. J., and T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.