No. 22201.

EDWARD THOMAS BLASH *v*. THE PEOPLE OF THE STATE OF COLORADO.

(426 P.2d 966)

Decided May 1, 1967.    Rehearing denied May 15, 1967.

ROBERT W. CADDES, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES F. PAMP, Assistant, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

EDWARD THOMAS BLASH, hereinafter referred to as the defendant, was convicted of robbery and conspiracy to commit robbery and received a sentence of not less than five nor more than ten years imprisonment in the state penitentiary on each count, the sentences to run consecutively.

On September 29, 1964, one Gerald D. Reynolds, manager of the U-Totem Grocery Store in southeast Denver, was held up by a bandit, armed with a gun, who escaped with $77 taken from the cash drawer. The victim identified pictures of one Michael Ring as that of the person who robbed him. The only evidence which implicated the defendant as a participant in the robbery was his signed confession that he drove the "get away" car. When this confession (Exhibit B) was offered in evidence its admissibility was challenged and a hearing was held outside the presence of the jury. The objections of the defendant that the confession was obtained in viola-

tion of his constitutional rights and was the product of duress and coercion of police officers, were overruled by the court. The court ruled that the exhibit was voluntarily given, and it was admitted in evidence.

After approximately twenty hours had elapsed following submission of the case to the jury, a note was forwarded from the jury to the court, which was as follows:

"As foreman, we the jury members have come to a stalemate situation.

"4 innocent

"8 guilty

"Signed Edwin C. Ryland."

Thereupon counsel for both parties were summoned and over objection of defendant the trial court gave the following instruction:

"It not appearing to the court at this time that there is any misunderstanding or disagreement among you as to the law of this case or the interpretation of the instructions; that your deliberations have already been unusually prolonged without an agreement being reached; I deem it necessary to the administration of justice that this further instruction relative to your duties as jurors be now given:

"You should consider that this case must at sometime be decided; that you have been selected in the same manner and from the same source, as any future jury must be; that there is no reason to suppose that the case will ever be submitted to twelve persons more intelligent, more impartial or more competent to decide it, or that more or clearer evidence will be produced on the one side or the other; that in order to bring twelve minds to a unanimous conclusion you must examine the questions submitted to you with candor and a proper regard and deference to the opinions of each other; that you ought to pay proper respect to each other's opinions and listen with a disposition to be convinced to each other's arguments.

"If a majority of your number are for conviction, a dissenting juror should consider whether a doubt in his or her own mind is a reasonable one which makes no impression upon the minds of so many persons equally intelligent and honest with themselves, who under the sanction of the same oath have heard the same evidence, with the same attention and an equal desire to arrive at the truth.

"On the other hand, if a majority are for acquittal, the minority ought seriously to ask themselves whether they may not reasonably, and ought not to, doubt the correctness of a judgment from which so many of their number dissent, and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows.

"And, while at the last each juror must act upon his or her own judgment concerning the evidence in the case and not upon the judgment of his or her fellows, it is your duty, guided by the foregoing and by all of the instructions heretofore given in this case, to decide the case, if you can conscientiously do so.

"It is accordingly ordered by the court that you be returned to your jury room for further deliberation."
The verdicts of guilty were returned fifty minutes after the above instruction was read.

As grounds for reversal of the judgments entered on the verdicts, it is argued that:

"I. The court erred in admitting Exhibit B into evidence over objection.

"A. Exhibit B, the so-called confession, was obtained in violation of defendant's constitutional rights.

"B. Exhibit B was obtained from defendant by duress and coercion.

"II. The court erred in giving to the jury the additional instruction."

In connection with the claim that the defendant's confession was improperly admitted, counsel for defendant relies on *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct.

1758, 12 L.Ed. 2d 977. That case is clearly distinguishable on the facts. In this instant action the defendant admitted that he was advised of his right to counsel, and of his right to remain silent. He further admitted that he told the police he did not want a lawyer.

On the question as to whether the confession was obtained by duress and coercion, an extended hearing was held by the court outside the presence of the jury and the trial court concluded that the statement was voluntarily given. At even greater length the circumstances surrounding the taking of the confession were inquired into in the presence of the jury. The defendant claimed that he falsely stated, in the confession, that he participated in the robbery in order to secure the release of his wife from custody. She had been arrested on October 2, 1964, in connection with a police investigation of narcotic traffic at the premises in which she and the defendant resided. The defendant testified at the trial that on the night of the robbery his wife went out with his friend Ring and when she returned she told him that she and Ring had robbed the U-Totem Grocery store. Although she· was not at any time a suspect in the robbery, in order to secure her release he testified that he gave and signed the statement because the detectives threatened that they would file charges against her and additional charges against him unless he confessed to participation in the robbery. Under this "coercion" he says he "confessed" that he did what was actually done by his wife.

The defendant was the only person giving testimony indicating any duress or coercion. The arresting officers explained in detail all that happened at the time referred to by the defendant and emphatically denied the statements of the defendant tending to establish duress. The disputed evidence was resolved against the defendant by the trial judge who ruled that it was admissible in evidence and the jury was therefore entitled to give it such consideration as it deemed proper.

■ With reference to the assignment of error based upon the giving of the additional instruction, which is hereinabove quoted, we direct attention to the opinion of this court in *Mills v. People*, 146 Colo. 457, 362 P.2d 152, from which we quote the following pertinent language:

"* * * The giving of this instruction is within the sound discretion of the trial court, and when used properly as we deem it was here, it has been upheld. * * *"

The cases relied on by defendant, namely *Nieto v. People*, 160 Colo. 179, 415 P.2d 531, and *Mogan v. Peop'e*, 157 Colo. 395, 402 P.2d 928, are clearly distinguishable on the facts. In the instant case there was no abuse of discretion on the part of the trial court in giving the instruction.

The judgments are affirmed.

MR. JUSTICE SUTTON, MR. JUSTICE MCWILLIAMS and MR. JUSTICE KELLEY concur.