486 P.2d 998

**The STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Samuel G. BAILEY, Defendant-Appellant.**

**No. 10314.**

Supreme Court of Idaho.

June 28, 1971.

---

286

Maureen J. Meehl (now deceased) of Jones & Jones, Boise, for appellant.

W. Anthony Park, Atty. Gen., and Martin R. Ward, Deputy Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

On June 16, 1967, a complaint was filed in the justice court of Ada County charging Samuel G. Bailey, the appellant, with the crime of burglary in the second degree, alleged to have been committed in Boise on June 14, 1967. Bailey was arrested October 12, 1967. He moved to quash the complaint, which motion was denied. On December 13, 1967, a preliminary examination was held and Bailey was bound over for trial in the district court.

An information was filed against Bailey in the district court on January 12, 1968. He was subsequently tried before a jury, which returned its verdict of guilty of the crime of burglary in the second degree. The district court entered its judgment of conviction finding appellant guilty of the crime charged, and sentenced him to a term of not to exceed five years in the state penitentiary. From that judgment Bailey appeals.

Appellant makes four assignments of error. His first assignment is that both the trial court and the justice court erred in failing either to dismiss or to quash the complaint against him as being fatally defective for the reason "that the Grand Jury was impaneled and in session at the time that said Complaint was filed and prosecuted especially when the Grand Jury involved did have notice of the alleged crime committed and of the alleged participants in said crime."

In support of his first assignment of error, appellant first contends that there was a grand jury in session in Ada County at the time the criminal complaint was filed against him in the justice court of Ada County. The record discloses that a grand jury was impaneled from May 5, 1967, to September 8, 1967. It is his position that with the grand jury in session it

was incumbent on the prosecuting attorney to submit the complaint to the grand jury for consideration and not to the justice of the peace, and that the motions to quash the complaint and the information should have been granted.

Appellant cites State v. Boswell, 104 Ind. 541, 4 N.E. 675 (1886), which holds that in a case where a defendant has been accused of a felony and ordered to appear at a term of court concurrent with the term of the grand jury, the prosecutor cannot proceed by way of information after the grand jury failed to indict the defendant during its term. As stated therein, the state in such circumstances must use the "opportunity to proceed by indictment."

The Supreme Court of California in People v. Ebanks, 120 Cal. 626, 52 P. 1078 (1898), reached a contrary result to that of State v. Boswell, supra. The *Ebanks* opinion states:

"Appellant contends that the information against him, and upon which he was convicted, was invalid because at the time the information was filed there was a grand jury of the county in session, and that while the grand jury was in session he could not be put upon his trial upon an information. This contention could not be maintained, even if made on an appeal from the final judgment, for the two modes of procedure (by indictment or information) are concurrent * * *." 52 P. at 1078.

In People v. Lewis, 9 Cal.App. 279, 98 P. 1078 (1908), that court also reached a result contrary to State v. Boswell, supra. In People v. Lewis the court was presented with an issue very similar to the one raised by appellant; the opinion answered defendant's contention as follows:

"It is also contended that the information was filed while the grand jury was in session, and that under section 915 of the Penal Code it was the duty of the district attorney to lay the matter before that body, and he could not legally present an information at that time. It is within the power of the state to abol-

ish the grand jury and authorize the procedure to punish crimes by information. Hurtado v. California, 110 U.S. 516, 4 S.Ct. 292, 28 L.Ed. 232. The state may authorize the procedure to be by both indictment and information, and it is competent to adopt the latter while the grand jury is in session. Article 1, § 8, Const., provides as follows: 'Offenses heretofore required to be presented by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law. A grand jury shall be drawn and summoned at least once a year in each county.' Section 915 of the Penal Code makes it the duty of the grand jury to 'inquire into all public offenses committed or triable within the county, and present them to the court by indictment.' There is nothing in the Constitution or statute making it illegal to proceed by information when the grand jury is in session." 98 P. at 1080.

In the case of In re Winn, 28 Idaho 461, 154 P. 497 (1916), a defendant had been charged by complaint of the crime of maintaining a place where intoxicating liquors were sold. The accused waived a preliminary examination and was held to answer the charge in the district court. The prosecuting attorney filed an information in the district court. Subsequently a grand jury was impaneled, and a month later completed its work and adjourned without having taken any action with respect to the charge against the accused. He then moved to quash the information, which motion was denied, and he was tried and found guilty and sentenced to serve a term in the county jail. A petition for habeas corpus was filed, the accused contending he was illegally held inasmuch as the grand jury had ignored the charge against him. This court rejected his reasoning and stated:

"It will be readily seen that it was the legislative intent to make informations

288

of equal dignity with indictments, subject only to the limitations contained in section 8, art. 1, of the constitution, to the effect that a defendant may be only accused by information after commitment by a magistrate * * *." 28 Idaho at 465, 154 P. at 498.

The court conceded for the purpose of disposing of the case that the grand jury had ignored the charge against the accused, but held that since the individual had been bound over to the district court prior to impanelling of the grand jury that the constitutional provision was inapplicable, and the prosecution by information was valid.

It is apparent that the case of *In re Winn* does not fit the factual pattern of this case. Here the appellant was charged by complaint before the justice of the peace while a grand jury was in session, but before he was arrested and before the information was filed in the district court the grand jury had adjourned.

Idaho Const. art. 1, § 8 provides:

"No person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor, after a commitment by a magistrate, except in cases of impeachment, in cases cognizable by probate courts or by justices of the peace, and in cases arising in the militia when in actual service in time of war or public danger; provided, that a grand jury may be summoned upon the order of the district court in the manner provided by law, and provided further, that after a charge has been ignored by a grand jury, no person shall be held to answer, or for trial therefor, upon information of the public prosecutor."

I.C. § 19–1101 states:

"The grand jury must inquire into all public offenses committed or triable within the county, and present them to the court, either by presentment or by indictment."

These constitutional and the statutory provisions are similar to those of California at the time People v. Ebanks and People v. Lewis, both supra, were decided. Although the California statute concerning grand juries was phrased in mandatory terms (as is I.C. § 19–1101) yet those cases held that prosecutions could still continue by information notwithstanding that a grand jury was impaneled.

The Idaho Constitution authorizes prosecutions by information after commitment by a magistrate and places prosecutions by information on an equal footing with prosecutions following an indictment by a grand jury. It is our conclusion that the reasoning of the California courts is better than that of the Indiana court in State v. Boswell, supra. Nothing in our constitution prohibits the use of the information procedure as opposed to the indictment by a grand jury while a grand jury is in session. It is our conclusion that appellant's contention that while a grand jury is in session no prosecutions for felony can be instituted except by first submitting them to the grand jury for action is without merit.

Proceeding next to the appellant's second assertion under his first assignment of error, this too, in our opinion, is not meritorious. Appellant contends that the Ada County grand jury returned an indictment against one John Bullis, who was charged with the same burglary (see State v. Bullis, 93 Idaho 749, 472 P.2d 315 (1970)), and further, that appellant was listed as one of the witnesses to the burglary charge against Bullis. He reasons that the grand jury, at the time it returned its indictment against Bullis, had sufficient information and facts with which to act against him. From that factual premise, appellant then contends that by reason of the provisions of Idaho Const. art. 1, § 8, "* * * and provided * * * no person shall be held to answer, or for trial therefor, upon information of the public prosecutor," and because no indictment was returned against him, he should have been discharged.

At a habeas corpus hearing before the district court, the record of which is before

this court, the prosecuting attorney and Bailey's attorneys entered into a stipulation regarding this issue. In that stipulation it was agreed that the prosecutor "never presented to the Grand Jury * * * a Complaint against Samuel G. Bailey for second degree burglary allegedly occurring on or about the 14th day of June, 1967, * * * nor was the same ever presented to the Grand Jury for consideration and that said alleged offense was never called to the attention of the Ada County Grand Jury and that they took no action upon it in any manner or form whatsoever."

The constitutional provision, Idaho Const. art. 1, § 8, on which appellant relies, uses the terms, "after a *charge* has been *ignored* * * *." (Emphasis added.) This provision contemplates prior aware-ness of a charge before it can be ignored by the grand jury. The term "charge" as used therein of necessity means more than an innuendo or suspicion. The noun "charge" means "an accusation of a wrong or offense." Webster's Third New Inter-national Dictionary. In this meaning a "charge" must be related to a specific event or a specific set of facts.

 For a defendant to be entitled to rely upon this constitutional prohibition, it is incumbent upon him to show by the record of the grand jury that the accusa-tion against him was in fact considered by the grand jury, and secondly that it was "ignored." Grand juries, when a charge has been submitted to them for considera-tion, make a return of "a true bill" to the trial court for trial, or make a return of a "bill ignoramus or not found." 41 Am. Jur.2d, Indictments and Informations, § 31, p. 898. Under grand jury proceedings, written records are contemplated as to the actions taken, the crimes investigated, and the returns made of "true bills" of "bills ignoramus or not found." Under the facts

of this case, including the stipulation of the parties, the record shows that the grand jury did not consider the "charge" against him, and thus his contention is without merit.

Appellant's second assignment of error is directed to the denial by the trial court of his motion for production of documents and inspection of the premises. His motion in this regard was based on the provisions of I.C. § 19–861(c) (See 1969 Supp.), upon the provisions of Idaho Const. art. 1, § 13, and upon the 5th, 6th and 14th Amendments of the United States Constitution. His con-tentions are premised on the basis that it is incumbent upon the state to afford him a trial free from prejudicial error, and, that the burden is upon the state to show that any error to be considered harmless, must be shown by the state to be harmless be-yond a reasonable doubt. He argues that it was error for the trial court to deny his motion to inspect, and that the state has the burden of showing this error was not prejudicial.

Appellant's motion to inspect specifically referred to the provisions of I.C. § 19–861(c) [1] as the authority for the trial court to order the prosecutor to produce, inspect and to photograph certain instruments list-ed in his motion, and to permit appellant to enter, inspect and photograph the premises allegedly burglarized. This motion was filed four months after the information was filed.

 It is our conclusion that there was no error on the part of the trial court in denying appellant's motion to inspect. In the first place, the provisions of I.C. § 19–861(c) authorize an attorney to use "the same state facilities for evaluation of evi-dence as are available to the county prose-cutor." The motion to inspect hardly has reference to use of state facilities for eval-uating evidence, and does not make refer-

---

1. I.C. § 19–861(c): "A defending attor-ney is entitled to use the same state facilities for the evaluation of evidence as are available to the county prosecutor. If he considers their use impractical, the court concerned may authorize the use of private facilities to be paid for on court order by the county board of com-missioners."

ence to the right of an accused to inspect all the "documents in the file of the case."

▮ I.C.R. § 19–1530 [2] authorizes a trial court to enter an order for inspection and copying by a defendant of designated books, papers, etc. This rule was not set out by appellant in his motion, nor, as far as the record shows, called to the trial court's attention. This rule, however, is one that gives to the trial court broad discretion in granting or refusing discovery, and the ruling of the trial court will not be disturbed on appeal unless there is a manifest abuse of discretion. State v. Oldham, *92 Idaho 124, 438 P.2d 275 (1968)*. In the present case there has been no showing by appellant that the trial court abused its discretion in denying his motion and thus, we find no error in this regard.

▮ The third assignment of error is directed towards the trial court's denial of appellant's motion for a bill of particulars. This motion was filed on May 20, 1968, and noticed for hearing one week later. Trial of the case before the jury was scheduled for the following week.

In State v. Neil, 58 Idaho 359, 74 P.2d 586 (1937), this court stated:

" * * * In any event the allowance of a bill of particulars is not a matter of right, but is within the sound discretion of the trial court. [Citations.] In the absence of a clear abuse of discretion, the action of the trial court will not be reviewed." 58 Idaho at 364, 74 P.2d at 587.

The record fails to show any abuse of discretion by the trial court in denying the appellant's motion for a bill of particulars. We find no error in this regard, even conceding efficacy of a bill of particulars.[3]

2. I.C.R. § 19–1530. "Discovery and inspection.—Upon motion of a defendant at any time after the filing of the indictment or information, the court may order the attorney for the state to permit the defendant to inspect and copy or photograph designated books, papers, documents or tangible objects, obtained from or belonging to the defendant or obtained from others by seizure or by process, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable. The order shall specify the time, place and manner of making the inspection and of taking the copies or photographs and may prescribe such terms and conditions as are just."

3. Serious doubt exists as to whether demanding a bill of particulars is a correct motion to be made by a defendant to challenge the sufficiency of an information. In State v. Rathbone, 8 Idaho 161, 67 P. 186 (1901), this court stated:
"* * * Owing to the fact that this is the first time this court has ever been called upon to determine the right of the defendant to demand a bill of particulars in a criminal case, we have carefully examined all the authorities to which our attention has been called. Our statute makes no provision for such demand, and all learned counsel for appellant claims is a legal right, not statutory. This be-

ing true, it would certainly be a matter of discretion in the trial court, and should never be disturbed, unless it is apparent that there has been a gross abuse of it. We find no error in the order of the court overruling appellant's motion for a bill of particulars." 8 Idaho at 169–170, 67 P. at 188.

In State v. Neil, supra, this court pointed out that a demand for a bill of particulars does not take the place of a demurrer to challenge the sufficiency of an information, pointing to what is now I.C. §§ 19–1701, 19–1703 and 19–1711. In that opinion this court did not pass on the appropriateness of the demand for a bill of particulars since the prosecutor had orally complied with the demand and defendant's counsel appeared to be satisfied.

In State v. Clark, 47 Idaho 750, 278 P. 776 (1929), this court pointed out:
" * * * Conceding that this court has held that a bill of particulars may be applied for in a criminal case, the reasoning applicable to a bill of particulars in a civil case is applicable to a criminal case." 47 Idaho at 755, 278 P. at 778.

The following cases hold that a bill of particulars has no place in the criminal law under statutes similar to those in Idaho: State v. Bosch, 125 Mont. 566, 242 P.2d 477 (1952); State v. Reyes, 209 Or. 595, 308 P.2d 182 (1957); People v. Alviso, 55 Cal. 230, 18 Pacific States Reports 230 (1880); People v. Thorn, 138 Cal.App. 714, 33 P.2d 5 (1934).

Appellant also assigns as error the giving of Instruction No. 26.[4] The case was submitted to the jury about 6:00 p. m. on June 4, 1968. At 1:15 a. m., June 5, the jury was called back into the courtroom without any request by the jury being made. The jury informed the court that no decision had as yet been reached, and it was at that time the court gave the instruction in question. The jury returned to the jury room about 1:26 a. m., and reached a verdict at 2:05 a. m.

The appellant contends that the giving of this instruction applied undue pressure on those jurors who had been holding out for acquittal, and the giving of the instruction was inherently prejudicial.

Examination of previous cases decided by this court regarding the giving of instructions of similar import reflect that this court has been critical of the specific phraseology in some of the cases, but has in each instance upheld the conviction. In State v. Moon, 20 Idaho 202, 117 P. 757 (1911), after criticizing a portion of the instruction given by the trial court, this court stated:

" * * * The language under discussion is no wise to be commended, and should not be employed because of its capability of interpretation as hereinbefore set forth. We cannot say, however, that it seems reasonable to believe in view of all the record that because of the use of this language alone and the possible meaning to attach thereto that some member or members of the jury voted for conviction where otherwise they would not have done so, or that solely because of the matter mentioned they should or would reasonably have voted for conviction." 20 Idaho at 222, 117 P. at 763.

See also: State v. Nolan, 31 Idaho 71, 169 P. 295 (1917), where certain language of an instruction similar to language employed in State v. Moon, supra, is criticized, but held not to be error.

In State v. Tope, 86 Idaho 462, 387 P.2d 888 (1963), this court also upheld an instruction of similar import to the one in question here. Coughran v. Hickox, 82 Idaho 18, 348 P.2d 724 (1960), likewise upheld the instruction given in a civil action. See also Blash v. People, 162 Colo. 484, 426 P.2d 966 (1967); State v. Hatley, 72 N.M. 377, 384 P.2d 252 (1963). Annot: 85 A.L.R. 1420; 100 A.L.R.2d 177.

■ The giving of an instruction of the nature given by the court in this case requires the most careful consideration of the trial court. The instruction must be phrased so as not to encroach upon the fact finding function of the trial jury, nor should it in any way indicate the belief of the trial court as to the merits of the case. After a jury

4. "INSTRUCTION NO. 26

The court wishes to suggest a few thoughts which you may desire to consider in your deliberations along with all the instructions previously given.

In your further effort to reach a verdict in this case, I would suggest that in your deliberations you examine the issues submitted with a proper regard and consideration for the opinions of each other. Each of you should freely and fairly discuss with your fellow jurors the evidence and the deductions to be drawn therefrom, and you should listen to each other's arguments with an open mind. If, after doing so, any of you should be satisfied that a conclusion first reached by you was wrong, you unhesitatingly should abandon that original opinion and render your verdict according to your final decision. You should not hesitate to recede from a previously announced opinion or conclusion because of a sense of pride. Remember that you are not partisans or advocates, but rather judges. However, you should not change the conclusion you have reached merely because one or more or all of your fellow jurors may have come to a different conclusion or merely to bring about a unanimous verdict.

Have in mind in your further deliberations that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case. To this end you should make every reasonable effort to reach a verdict.

You may now retire and continue your deliberations, in such manner as shall be determined by your good and conscientious judgment as reasonable men and women."

**292**

has deliberated for some extended period of time, in many instances the giving of such an instruction becomes desirable. However, consideration should be given by the trial court to giving such an instruction along with the other instructions so that in the event the jury after extended deliberation has failed to reach a verdict, the trial court could then request the jury to consider all instructions given without attaching undue emphasis to such an instruction.

A careful examination of the instruction given and the circumstances under which the trial court gave the instruction shows there was no abuse of discretion by the trial court in giving this instruction as it did, nor has any error been pointed out in the phraseology of such instruction. We find no error in this regard.

The judgment of conviction is affirmed.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.