832 P.2d 331

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Carlos MARTINEZ, Defendant–Appellant.**

**No. 19058.**

Court of Appeals of Idaho.

May 1, 1992.

Petition for Review Denied July 7, 1992.

Van G. Bishop, Nampa, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Carlos Martinez was convicted of first degree burglary and of resisting an officer, after a jury trial. On appeal, he asserts three grounds of error: (1) that the district court erred in denying his motion for judgment of acquittal on the burglary charge; (2) that the court committed reversible error by instructing the jury before the start of deliberations that returning a verdict would "make a definite contribution to the efficient administration of criminal justice"; and (3) that the five-year sentence he received for the burglary conviction was excessive. For the reasons below, we affirm.

## I

Late in the evening of July 22, 1989, Bonnie Lou Thornton noticed a stranger prowling about her property and telephoned the police. An officer arrived a few minutes later and scanned Thornton's property using a searchlight. When the officer shined the light in the direction of an eight-foot truck camper resting on the property, he observed someone standing in its doorway looking back at him. After a brief moment, the person went inside the camper and closed the door. As the officer approached the camper to investigate, Martinez and another man jumped out and ran in opposite directions. After a chase and a struggle, the officer placed Martinez under arrest. An examination of the camper revealed that one of its windows had been broken, a screen had been torn off the door, and its contents ransacked.

Martinez subsequently was charged with burglary of a vehicle[1] and resisting an officer. He pled not guilty and requested a jury trial. At the conclusion of the state's case, Martinez moved for a judgment of acquittal on the burglary charge, contending that the state failed to prove an essential element of its case, namely, that Martinez had entered a "vehicle" within the meaning of the burglary statute, I.C. § 18–1401. The district court denied the motion. Over Martinez' objection, the district court included the following language in its Instruction No. 33:[2]

> Have in mind in your deliberations that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case. To this end, you should make every reasonable effort to reach a verdict.

After deliberating for approximately three hours, the jury returned verdicts finding Martinez guilty on both counts. For the burglary conviction, the district court sentenced Martinez to five years in the custody of the Board of Correction, with a minimum period of three years' incarceration. The court ordered Martinez to serve a concurrent one-year term in the county jail for resisting arrest.

## II

■ In his first assignment of error, Martinez contends that the state failed to prove he committed a burglary within the meaning of the statute and that the district court therefore should have granted his motion for a judgment of acquittal. Idaho Code § 18–1401 defines burglary as follows:

> Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse,

1. Count one of the amended information alleged that Martinez had committed burglary by unlawfully entering "a certain vehicle, to wit: an eight (8) foot truck camper...."

2. The language of the court's Instruction No. 33 is virtually identical to language included in an instruction approved in *State v. Bailey,* 94 Idaho 285, 291–92 n. 4, 486 P.2d 998, 1004–05 n. 4 (1971), and reads as follows:

> Arguments of attorneys are proper for you to consider as an aid to you in recalling the evidence and in applying the law as given by the Court, and in determining the reasonable inferences which may be drawn from such evidence, but you are cautioned that such arguments are not evidence.
> In your efforts to reach a verdict in this case, I would suggest that in your deliberations you examine the issues submitted with a proper regard and consideration for the opinions of each other. Each of you should freely and fairly discuss with your fellow jurors the evidence and the deductions to be drawn therefrom, and you should listen to each other's arguments with an open mind. If, after doing so, any of you should be satisfied that a conclusion first reached by you was wrong, you unhesitatingly should abandon that original opinion and render your verdict according to your final decision. You should not hesitate to recede from a previously announced opinion because of a sense of pride. Remember that you are not partisans or advocates, but rather judges. However, you should not change the conclusions you have reached merely because one or more or all of your fellow jurors may have come to a different conclusion or merely to bring about a unanimous verdict.
> *Have in mind in your deliberations that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case. To this end, you should make every reasonable effort to reach a verdict.*

(Emphasis added.) Martinez objects to the inclusion of the emphasized language.

or other building, tent, vessel, *closed vehicle,* closed trailer, airplane or railroad car, with intent to commit any theft or any felony, is guilty of burglary.

(Emphasis added.) Martinez asserts that the camper he allegedly entered, which was not attached to a truck but was resting immobile on the ground, could not be considered a vehicle and therefore was not subject to burglary under the statute. Whether the statutory term "closed vehicle" may be construed to include a truck camper, situated apart from any truck, presents a question of law over which we exercise free review. *See Sun Valley Co. v. City of Sun Valley,* 109 Idaho 424, 428–29, 708 P.2d 147, 151–52 (1985); *State v. Nelson,* 119 Idaho 444, 446, 807 P.2d 1282, 1284 (Ct.App.1991).

The burglary statute does not define or otherwise refer to any other statutory definition of the word vehicle.[3] In the absence of a statutory definition, we look to the ordinary meaning of the word and the context in which it is used. *See State v. Marks,* 45 Idaho 92, 96, 260 P. 697, 699 (1927); *State v. Essig,* 31 Or.App. 639, 571 P.2d 170, 172 (1977); *State v. Work,* 75 Wash.2d 204, 449 P.2d 806, 808 (1969).

The word "vehicle" is a general term and in common speech is attributed a varied and somewhat extended meaning. It is generally considered to be broader than "motor vehicle" or "automobile." In order to ascertain its intended meaning one must generally resort to the context in which the term is used. *See* 91 C.J.S. *Vehicle,* at 804 (1955).

The word "vehicle" is commonly defined as "a means of carrying or transporting something," WEBSTER'S NEW INTERNATIONAL DICTIONARY, 2538 (3rd ed. 1976); *accord Essig,* 571 P.2d at 172, or, similarly, as "every device in, upon or by which a person or property is or may be transported along the highway," BLACK'S LAW DICTIONARY, 1554 (6th ed. 1990); *accord Conrad v. Dillinger,* 176 Kan. 296, 270 P.2d 216, 218 (Kan.1954). *See also* 91 C.J.S. *Vehicle,* at 805. Read in the context of the broad, comprehensive language of the burglary statute, we believe the term "closed vehicle" is intended to include every kind of closed device used for transporting persons or property, along the ground.

■ Martinez asserts that because the camper was resting on the ground and thus incapable of transporting persons or property *at the time he entered it,* it was not a vehicle. We note, however, that the temporary condition or situation of the device is not controlling. *See, e.g., Trevino v. State,* 697 S.W.2d 476 (Tex.App.1985) (motorless Monte Carlo, although immobilized, was nonetheless a vehicle). Rather, whether a device is a closed vehicle within the meaning of the statute is determined by its *character* and the *use which is made of it. See Marks,* 45 Idaho at 98, 260 P. at 699 (applying "character and use" test to decide whether building defendant entered was an "outhouse" within the meaning of burglary statute, I.C. § 18–1401). Tested by its character and use, a truck camper may properly be considered a closed vehicle within the contemplation of the burglary statute.

The record in this case indicates that the truck camper allegedly entered by Martinez was designed to be lifted onto the bed of a pickup and used, on a recreational basis, to transport people and property. Mrs. Thornton, the owner of the camper, testified she used the camper to go on hunting and fishing trips, having returned from such a trip just two weeks before the

---

**3.** The state has suggested that we apply the definitions codified in the Motor Vehicle Code, which expressly defines "recreational vehicle" to include a truck camper. *See* I.C. §§ 49–119(6), 49–121(10)(c). We note, however, that statutory provisions defining terms generally only establish what such terms mean where they appear in the same act; they do not purport to prescribe what meanings shall attach to those terms for all purposes and in all contexts. *Ma-*

*guire v. Yanke,* 99 Idaho 829, 590 P.2d 85 (1978); *see also Mayflower Ins. Exchange v. Kostervia,* 84 Idaho 25, 367 P.2d 572 (1961) (definitions in motor vehicle statutes are properly limited to the defined words in their statutory use). Nor can we agree with the state that the burglary statute and the Motor Vehicle Code pertain to the same subject matter. *Compare State v. Marek,* 116 Idaho 580, 583, 583 777 P.2d 1253, 1256 (Ct.App.1989).

break-in. She also testified she had kept the camper locked. This evidence of the camper's character and use was sufficient to support a finding that Martinez entered a closed vehicle. Accordingly, Martinez' motion for judgment of acquittal properly was denied.

### III

■ We turn next to Martinez' contention that the giving of Instruction No. 33 constituted a prohibited "dynamite instruction" requiring reversal under *State v. Flint*, 114 Idaho 806, 761 P.2d 1158 (1988). A "dynamite instruction" is an instruction directing a deadlocked jury to continue deliberating and exhorts those jurors holding a minority view to reconsider their position. *See State v. Clay*, 112 Idaho 261, 263, 731 P.2d 804, 806 (Ct.App.1987). Such instructions are referred to as "dynamite" because they proved to be effective in "blasting" verdicts out of potentially deadlocked juries. *Id.* In the past, the use of dynamite instructions was considered desirable where a jury had reported a deadlock, or had deliberated for a substantial period of time without returning a verdict. *See State v. Bailey*, 94 Idaho 285, 291–92, 486 P.2d 998, 1005–05 (1971); *see also State v. Brown*, 94 Idaho 352, 487 P.2d 946 (1971); *State v. Silcox*, 103 Idaho 483, 650 P.2d 625 (1982); *State v. Byerly*, 109 Idaho 242, 706 P.2d 1353 (Ct.App.1985). However, an increased recognition that a deadlocked jury does *not* represent a failure of the criminal justice system, and a growing sensitivity to the need to protect a deadlocked jury from undue pressure, led the Idaho Supreme Court in *State v. Flint* to prohibit the use of dynamite instructions. 114 Idaho at 812, 761 P.2d at 1165 (expressly overruling *State v. Bailey* and its progeny). In so ruling, the Court in *Flint* declared, "Only a

blanket prohibition against dynamite instructions will sufficiently protect the deadlocked jurors from coercion." *Id.*[4]

Martinez avers that the instruction given in his case, with language identical to that of the instruction at issue in *Bailey* and *Flint*, constituted a prohibited dynamite instruction mandating the reversal of his conviction. Distinct from the situation addressed in *Flint* and *Bailey*, however, the instruction in the instant case was given at the outset of the deliberations with the rest of the instructions, and was not mentioned again by the court.[5] Nor is there any indication that the jury in this case had any difficulty in arriving at a verdict. The instruction simply did not constitute a "dynamite instruction," because the opportunity to exert judicial pressure upon a deadlocked jury was not present. Accordingly, reversal is not warranted under *Flint*.

■ We note, however, that while not constituting reversible error in this case, it is improper for a court, in any situation, to instruct jurors that a verdict furthers the efficient administration of criminal justice. That view has been expressly rejected in this state. *See Flint*, 114 Idaho at 812, 761 P.2d at 1165, *citing Clay*, 112 Idaho at 265 n. 2, 731 P.2d at 808 n. 2.

### IV

■ Finally, we address Martinez' issues concerning his sentence. Martinez argues that his unified sentence of five years, including a fixed three-year period of incarceration, for the burglary conviction[6] was excessive under the circumstances, and that the court erred in refusing to grant him probation.

■ A conviction for first degree burglary carries a maximum penalty of fifteen

---

4. As the conclusion in *Flint* makes clear, the trial court is not permitted to further instruct a jury reporting deadlock. The court may, however, poll the individual jurors and, depending on the responses, ask them to continue their deliberations. However, if the polled jurors declare a deadlock, the court must declare a mistrial and excuse the jurors.

5. The Supreme Court in *Flint* specifically rebuked the lower court for failing to give the instruction with all the other instructions at the outset of deliberations. *See Id.*, 114 Idaho at 811, 761 P.2d at 1163.

6. Martinez was ordered to serve a one-year concurrent term in the county jail for resisting arrest. He does not contest that portion of the sentence.

years' imprisonment. I.C. § 18–1403. Because Martinez' sentence is within the statutory limit, it will not be disturbed on appeal absent a showing of abuse of discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). A sentence may represent such an abuse if it is demonstrated to be unreasonable under the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Koch,* 116 Idaho 571, 777 P.2d 1244 (Ct.App.1989).

 In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period of incarceration specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Kysar,* 116 Idaho 992, 783 P.2d 859 (1989). In Martinez' case, this period is three years. A period of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We examine a sentence in a given case, having regard for the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

Martinez argues that in view of the minimal value of the property loss in this case, approximately $55.00, his sentence was unduly harsh. However, it should be noted that Martinez was interrupted during the commission of the burglary, before he and his accomplice had an opportunity to cause further harm or loss. Moreover, he was not sentenced for misdemeanor injury to property, but for the more serious invasion of privacy and security represented by the crime of burglary. Martinez also had an extensive record in the state of California, including three burglary charges. Additionally, he had been convicted and served time in prison for grand theft and for the manufacture and sale of dangerous weapons. Finally, Martinez was on parole from California when he committed the instant burglary in this state. From this record, the district court reasonably could conclude that a term of three years' incarceration was necessary to further the goals of protecting society, deterrence, rehabilitation, and retribution.

 Additionally, Martinez contends that the court failed to make "required" findings on the record explaining its choice of incarceration over probation and its reasons for selecting a particular sentence. However, there is no requirement that a court recite the statutory criteria, or its application of the facts to those criteria, in rendering its decision on probation. *See* I.C. § 19–2521; *State v. Cardenas,* 119 Idaho 109, 803 P.2d 1015 (Ct.App.1991). Nor is the court required to set forth its reasons for imposing a particular sentence. *State v. Nield,* 106 Idaho 665, 682 P.2d 618 (1984).

 Martinez also asserts that the trial court prematurely relinquished jurisdiction, denying Martinez the opportunity to demonstrate his potential for rehabilitation. At the time of sentencing, the court retained jurisdiction pending an evaluation of Martinez' potential for rehabilitation. However, when the court received a report from the Jurisdictional Review Committee indicating that Martinez "was not motivated" to complete the program, it ordered jurisdiction quashed. Martinez moved for reconsideration of that order, contending that the committee mistakenly perceived his difficulties with the English language as a lack of motivation. Denying the motion, the court remarked that in its report the committee had enumerated, as its primary reasons for recommending jurisdiction be relinquished, the following: prior incarceration in prison, past deceptive practices, and no significant change in the defendant's basic orientation, and an opinion that the defendant would resort to criminal behavior if he was permitted probation. This record refutes Martinez' assertion that his difficulties resulted from a language barrier. Having reviewed the record before us, we conclude there was ample information to justify the district court's determination that Martinez was not a fit candidate for probation, and that a term of three years' confinement was necessary.

For the reasons set forth above, Martinez' judgment of conviction, including the sentence, is affirmed.

SWANSTROM and SILAK, JJ., concur.